John M. Padilla
State Bar No. 279815
PADILLA & RODRIGUEZ, L.L.P.
601 South Figueroa Street, Suite 4050
Los Angeles, California 90017
Telephone: (213) 244-1401
Facsimile: (213) 244-1402
jpadilla@pandrlaw.com

Rhonda H. Wills
Pro Hac Vice Pending
WILLS LAW FIRM, PLLC
1776 Yorktown, Suite 570
Houston, Texas 77056
Telephone:  (713) 528-4455
Facsimile:  (713) 528-2047
rwills@rwillslawfirm.com

Attorneys for Plaintiffs and the Putative Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **MONIQUE PEREZ, THAXTON V. ROWE, JR., PORCELYNNE HAWTHORNE,  CORRY A. WILLIAMS, ELIZABETH VILLA-MONTES, KARLA P. SALAZAR, BRIAN LYNCH, SEZGIN UNAY, JOHN SOROCENSKI, BRANDON GRZAN, and JOHN K. LYNCH, Individually and On Behalf of All Others Similarly Situated,**<br><br>**Plaintiffs,**<br><br>**V.**<br><br>**WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A., WFC HOLDINGS CORPORATION, WACHOVIA CORPORATION, WACHOVIA BANK, N.A., and DOES 1-50, Inclusive**<br><br>**Defendants.** | **Case No. 3:14-cv-00989**<br><br>**COLLECTIVE ACTION AND CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.   Failure to Pay Overtime (Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)<br><br>2.   Failure to Pay for Breaks of 20 Minutes or Less in Duration in Violation of the FLSA (Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)<br><br>3.   Failure to Pay Overtime (Cal. Lab. Code §§ 510, 1194)<br><br>4.   Violation of California Business and Professions Code § 17200<br><br>5.   Failure to Pay for Breaks of 20 Minutes or Less in Duration in Violation of California State Law<br><br>6.   Failure to Provide Meal Breaks (California Labor Code §§ 226.7, 512) |

7. Failure to Allow Rest Breaks (California Labor Code § 226.7)

8. Waiting Time Penalties (California Labor Code §§ 201, 202, 203)

9. California Breach of Contract

10. Texas Breach of Contract

11. Failure to Pay for Breaks of 20 Minutes or Less in Duration in Violation of New York Labor Law (NYLL §§ 190, 191, 652(1))

12. Overtime Violations of New York Labor Law (NYLL §§ 190, 191, 652(1); NYCRR 142-2.2)

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Monique Perez, Thaxton V. Rowe, Jr., Porcelynne Hawthorne, Corry A. Williams, Elizabeth Villa-Montes, Karla P. Salazar, Brian Lynch, Sezgin Unay, John Sorocenski, Brandon Grzan, and John K. Lynch, individually, on behalf of all others similarly situated nationwide, and on behalf of the putative class members as described herein (collectively, "Plaintiffs") file this Original Complaint against Wells Fargo & Company, Wells Fargo Bank, N.A., WFC Holdings Corporation, Wachovia Corporation and Wachovia Bank, N.A. (collectively, "Defendants" or "Wells Fargo") and in support thereof show as follows:

### JURISDICTION

1.     This Court has federal question jurisdiction over this action conferred by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."

2.      This Court also has supplemental jurisdiction over the state law claims asserted in this action pursuant to 28 U.S.C. § 1367 because those claims derive from common facts.

3.      This Court has jurisdiction of this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) because this is a class action[1] in which: (1) the class consists of at least 100 proposed members; (2) the matter in controversy is greater than $5,000,000 after aggregating the claims of the proposed class members, exclusive of interest and costs; and (3) at least some members of the proposed class have a different citizenship from Defendants.  28 U.S.C. § 1332(d)(2), (5)(B).

## VENUE

4.      Venue is proper in the Northern District of California because a substantial portion of the events forming the basis of this suit occurred in the Northern District of California.

5.      As an alternative and independent basis for venue, all of the Defendants reside in and maintain their corporate headquarters in the Northern District of California, the San Francisco Division.

## INTRADISTRICT ASSIGNMENT

6.      A substantial part of the events or omissions which give rise to the claims occurred in San Francisco County and/or adjacent counties in the San Francisco Division, and therefore this action is properly assigned to the San Francisco Division pursuant to Local Rule 3-2(c), (d).

## PLAINTIFFS

7.      Plaintiffs Monique Perez, Thaxton V. Rowe, Jr. and Porcelynne Hawthorne are former non-exempt employees of Wells Fargo, as defined by 29 U.S.C. § 203(e), and within the

---

[1] *See* California Class, Texas Class, and New York Class as defined herein.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

meaning of 8 Cal. Code Regs. § 11140(2)(C), (F), and all other applicable statutes and regulations, who were employed by Wells Fargo in the State of California within the requisite statutory and common law time periods.  Plaintiffs Monique Perez, Thaxton V. Rowe, Jr. and Porcelynne Hawthorne are residents of California and will be referred to herein collectively as "California Plaintiffs."

8.     Plaintiffs Corry A. Williams and Elizabeth Villa-Montes are former non-exempt employees of Wells Fargo, as defined by 29 U.S.C. § 203(e), and all other applicable statutes and regulations, who were employed by Wells Fargo within the requisite statutory and common law time periods in the State of Texas. Plaintiffs Corry A. Williams and Elizabeth Villa-Montes are residents of Texas and will be referred to herein collectively as "Texas Plaintiffs."

9.     Plaintiff Karla P. Salazar is a former non-exempt employee of Wells Fargo, as defined by 29 U.S.C. § 203(e), and all other applicable statutes and regulations, who was employed by Wells Fargo within the requisite statutory and common law time periods in the State of Florida. Karla P. Salazar is a resident of Florida.

10.     Plaintiffs Brian Lynch, Sezgin Unay, John Sorocenski, Brandon Grzan, and John K. Lynch are former non-exempt employees of Defendants, as defined by 29 U.S.C. § 203(e), and within the meaning of NYLL §§ 190(2), 651(5) and 12 NYCRR § 142-2.14, and all other applicable statutes and regulations.  Plaintiffs Brian Lynch, Sezgin Unay, John Sorocenski, Brandon Grzan, and John K. Lynch were employed by Defendants in the State of New York within the requisite statutory time periods, including applicable tolling.  Plaintiffs Brian Lynch, Sezgin Unay, John Sorocenski, Brandon Grzan, and John K. Lynch are residents of New York and will be referred to herein collectively as "New York Plaintiffs.

11.    The Plaintiffs were all classified as non-exempt employees of Defendants during the requisite statutory periods.

## DEFENDANTS

12.    Defendant Wells Fargo & Company is a Delaware Corporation that conducts business in the State of California and has its corporate headquarters at 420 Montgomery Street, San Francisco, California 94104.  Pursuant to FED. R. CIV. P. 4(e)(1), service can be effected according to the law of the state where this District Court is located, California.  Pursuant to the California Code of Civil Procedure § 416.10(a), Wells Fargo & Company may be served by serving its agent for service  of process, CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

13.    Defendant Wells Fargo Bank, N.A. is a California business entity that does business in the State of California and has its corporate headquarters at 420 Montgomery Street, San Francisco, California 94104.  Pursuant to FED. R. CIV. P. 4(e)(1), service can be effected according to the law of the state where this District Court is located, California.  Pursuant to the California Code of Civil Procedure § 416.10(a), Wells Fargo Bank, N.A. may be served by serving its agent for service of process, CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

14.    Defendant WFC Holdings Corporation is a Delaware Corporation that conducts business in the State of California.  Pursuant to FED. R. CIV. P. 4(e)(1), service can be effected according to the law of the state where this District Court is located, California.  Pursuant to the California Code of Civil Procedure § 416.10(a), WFC Holdings Corporation may be served by serving its agent for service of process, CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

15.     Defendant Wachovia Corporation merged with and into Wells Fargo & Company with the resulting title of Wells Fargo & Company on or about December 31, 2008.   Upon information and belief, Wells Fargo & Company has assumed the debts and liabilities of Wachovia Corporation and its subsidiaries and affiliates.  Upon information and belief, on or about October 31, 2009, Wachovia Corporation dissolved and no longer exists as a separate entity.  Wachovia Corporation may be served by serving its successor in interest, Wells Fargo & Company.

16.     Defendant Wachovia Bank, N.A., merged with and into Wells Fargo Bank, N.A., with the resulting title of Wells Fargo Bank, N.A. on or about March 20, 2010.  Upon information and belief, Wells Fargo Bank, N.A. has assumed the debts and liabilities of Wachovia Bank, N.A. and its subsidiaries and affiliates.  Upon information and belief, Wachovia Bank, N.A. no longer exists as a separate entity.  Wachovia Bank, N.A. may be served by serving its successor in interest, Wells Fargo Bank, N.A.

17.     During the relevant statutory and common law periods, Defendants were "employers" of Plaintiffs and members of the collective action, classes and subclasses within the meaning of the Fair Labor Standards Act ("FLSA"), 8 Cal Code Regs §11140(2)(C),(F), NYLL §§ 651(6), 190(3), and 2 NYCRR § 142-2.14, as well as all other applicable statutes and regulations.

**THE FLSA COLLECTIVE ACTION AND STATE LAW CLASSES**

18.     The FLSA Collective Action Members are all current and former non-exempt employees of Wells Fargo nationwide, who worked for Wells Fargo within the period beginning 3 years prior to filing this lawsuit up to and including the time of judgment in this case, and had at least one unpaid recorded break of 20 minutes or less in duration during the requisite statutory period.  Plaintiffs Monique Perez, Porcelynne Hawthorne, Thaxton V. Rowe, Jr., Corry A.

Williams, Karla P. Salazar, John Sorocenski, and John K. Lynch are class representatives for the FLSA Collective Action. All claims made by them on behalf of the FLSA Collective Action herein are also made on their own behalf, individually.

19. The California Class Members are all current and former non-exempt employees of Wells Fargo, who worked for Wells Fargo within the period beginning 4 years prior to filing this lawsuit up to and including the time of judgment of this action as further defined herein. Plaintiffs Monique Perez, Thaxton V. Rowe, Jr. and Porcelynne Hawthorne are class representatives for the California Class. All claims made by them on behalf of the California Class herein are also made on their own behalf, individually.

20. The Texas Class Members are all current and former non-exempt employees of Wells Fargo, who worked for Wells Fargo within the period beginning 4 years prior to filing this lawsuit up to and including the time of judgment of this action as further defined herein. Plaintiffs Corry A. Williams and Elizabeth Villa-Montes are class representatives for the Texas Class. All claims made by them on behalf of the Texas Class herein are also made on their own behalf, individually.

21. The New York Class Members are all current and former non-exempt employees of Defendants, who worked for Defendants within the period beginning 6 years prior to filing this lawsuit up to and including the time of judgment as further defined herein. Plaintiffs Brian Lynch, Sezgin Unay, John Sorocenski, Brandon Grzan, and John K. Lynch are class representatives for the New York Class. All claims made by them on behalf of the New York Class herein are also made on their own behalf, individually.

# OVERVIEW

22.    Plaintiffs bring this action to recover overtime compensation, unpaid wages, compensatory damages, litigation expenses, expert witness fees, attorneys' fees, costs of court, pre-judgment and post-judgment interest, liquidated damages, applicable penalties, all other available statutory remedies, equitable remedies and injunctive relief under the provisions of the California Labor Code (as well as all applicable Wage Orders and the California Business and Professions Code) and California common law, Texas common law, New York Labor Laws ("NYLL"), and the New York Codes, Rules and Regulations ("NYCRR"), as well as the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA").

23.    Plaintiffs are all former employees of Defendants who were classified as "non-exempt" employees under the FLSA, as well as all applicable state wage and hour laws.

24.    Plaintiffs bring this action as a collective action on behalf of themselves and all others similarly situated nationwide whose rights were violated pursuant to the FLSA for Defendants' failure to pay Plaintiffs and the FLSA Collective Action Members regular and/or overtime wages for recorded breaks of 20 minutes or less in duration.

25.    Plaintiffs also bring this action pursuant to Federal Rule of Civil Procedure 23 and seek to certify the following classes (including various sub-classes) that are later defined herein: (i) the California Class; (ii) the Texas Class; and (iii) the New York Class.

26.    Plaintiffs also bring individual claims against Defendants for off-the-clock violations stemming from Defendants' failure to pay Plaintiffs overtime wages and/or minimum wages in willful violation of the FLSA and California and New York state laws.

## FACTUAL BACKGROUND

27.     Wells Fargo is one of the largest banks in the United States with operations throughout the country, including the U.S. Territories.

28.     Wells Fargo employs non-exempt employees in each and every state in the United States.

29.     Upon information and belief, during the last 3 years Wells Fargo has employed more than 150,000 non-exempt employees nationwide.

30.     Upon information and belief, during the last 4 years Wells Fargo has employed more than 25,000 non-exempt employees in California.

31.     Upon information and belief, in the last 4 years Wells Fargo has employed more than 15,000 non-exempt employees in Texas.

32.     Upon information and belief, in the last 6 years Wells Fargo has employed more than 10,000 non-exempt employees in New York.

33.     Wells Fargo utilizes the same electronic timekeeping system with respect to its non-exempt employees nationwide.

34.     The non-exempt employees of Wells Fargo nationwide are required to use an electronic timekeeping system known as TimeTracker to record their time.  Prior to TimeTracker, the Wells Fargo non-exempt employees were required to record their time using an electronic timekeeping system known as WebTime.

35.     Wells Fargo utilizes the same pay system with respect to its non-exempt employees nationwide.

36.     Wells Fargo requires that its non-exempt employees clock out when taking a break and clock in at the end of a break.

37.     Wells Fargo's timekeeping and pay systems are devised such that its non-exempt employees are not paid for any break during which the employee is clocked out.

38.     Wells Fargo maintains records of the recorded, unpaid breaks taken by their non-exempt employees, including Plaintiffs and the Collective Action Members and Class Members. These records reflect the amount of time recorded for the break for which the non-exempt employee was not paid.

39.     Wells Fargo provides a Team Member Handbook to its non-exempt employees, which provides the terms and conditions of the employment for Wells Fargo's non-exempt workers.

40.     The Wells Fargo handbook provides that mealtimes are not to be considered time worked if they are generally at least 30 minutes long.

41.     The Wells Fargo handbook also provides that rest periods of no more than 15 minutes must be compensated.

42.     The Wells Fargo Team Member Handbook and other employee materials promised that bona fide meal breaks would be at least 30 minutes in duration.  Therefore, "meal breaks" of that were not at least 30 minutes in duration were not "bona fide" and should have been paid.

43.     During the relevant time periods, Wells Fargo non-exempt employees nationwide, including Plaintiffs and the Collective Action Members and Class Members, have recorded breaks of 20 minutes or less in duration for which they were not paid regular wages and/or overtime compensation.

44.     At all times relevant to this action Defendants have been subject to the requirements of the FLSA, California Labor Code, California state law, Texas state law, NYLL, and NYCRR.

1

2

45.     Defendants willfully violated the provisions of the FLSA, California Labor Code, Texas common law, NYLL, and NYCRR, in that Plaintiffs and the Collective Action Members and Class Members were not properly compensated.

3

4

**FLSA COLLECTIVE ACTION ALLEGATIONS**

5

6

46.     Plaintiffs Monique Perez, Porcelynne Hawthorne, Thaxton V. Rowe, Jr., Corry A. Williams, Karla P. Salazar, John Sorocenski, and John K. Lynch ("FLSA Class Representatives") bring the claims herein for violations of the FLSA as a collective action pursuant to section 216(b) of the FLSA on behalf of themselves and all similarly situated non-exempt employees of Wells Fargo nationwide at any time within the three years prior to the filing of this action, including all applicable tolling, through the date of the disposition of this matter, who recorded breaks of 20 minutes or less in duration for which they were not paid regular and/or overtime wages.

7

8

9

10

11

12

13

14

47.     The FLSA Collective Action is defined as:

15

16

17

All current and former non-exempt Wells Fargo employees nationwide who at any time during the three years preceding the filing of this lawsuit through the date of disposition of, or judgment in, this action, recorded one or more breaks of 20 minutes or less in duration for which they were not paid regular wages and/or overtime compensation.

18

19

20

21

22

48.     All FLSA Collective Action Members are similarly situated in that they were/are subject to the same pay provisions and were/are subject to Wells Fargo's common practice, policy or plan of unlawfully failing to pay for recorded breaks of 20 minutes or less in duration in violation of the FLSA.

23

24

25

26

49.     Other employees have been victimized by this pattern, practice, and policy of Wells Fargo that is in violation of the FLSA.  Plaintiffs are aware that these illegal practices and policies of Wells Fargo have been imposed on other non-exempt workers.

27

28

50.    The claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action because the FLSA Class Representatives and FLSA Collective Action members are "similarly situated."

51.    Plaintiffs request that Wells Fargo provide the last known name, address, telephone numbers, and dates of employment of the putative FLSA Collective Action Members so that notice may be provided to these workers as promptly as possible to provide them with an opportunity to join this action.

## CALIFORNIA CLASS ALLEGATIONS

52.    Plaintiffs Monique Perez, Thaxton V. Rowe, Jr. and Porcelynne Hawthorne ("California Plaintiffs") are class representatives for the California Class.

53.    Plaintiffs bring this class action pursuant to Federal Rule of Civil Procedure 23 for violations of California's Wage and Hour Laws, on behalf of themselves and all other similarly situated non-exempt Wells Fargo employees in California, who worked at least one six-hour shift during the course of their employment, and who were denied statutorily mandated "off-duty" meal periods and rest periods during that time, are owed overtime wages and/or are owed wages for recorded, unpaid breaks of 15 minutes or less in duration.

54.    Other employees have been victimized by this pattern, practice, and policy of Wells Fargo that is in violation of California's Wage and Hour Laws.  Plaintiffs are aware that the illegal practices and policies of Wells Fargo have been imposed on other non-exempt workers.

55.    Under California law, rest periods are counted as time worked.  Wage Orders Nos. 1-2001-16-2001, §§ 11-12(A) (8 Cal Code Regs §§11010-11160, §§ 11-12(A)).

56.    California requires that bona fide meal periods be at least 30 minutes (uninterrupted) or they are considered time worked.  Cal. Lab. Code § 512(a).

57.     The Wells Fargo Team Member Handbook and policy documents provide that bona fide meal breaks are at least 30 minutes establishing an enforceable promise or implied or express contract under California state common law.

58.     Likewise, the Wells Fargo handbook and policy documents provide that rest periods of no more than 15 minutes must be compensated establishing an enforceable promise or implied or express contract under California state common law.

59.     Plaintiffs Monique Perez, Thaxton V. Rowe, Jr. and Porcelynne Hawthorne bring this action individually and in a representative capacity on behalf of all similarly situated persons pursuant to Rule 23 and California Business and Professions Code §§ 17203 and 17204.   The California Class is defined as follows:

> All persons who at any time in the 4 years preceding the filing of this lawsuit through the
> date of disposition of this matter are/were employed by Wells Fargo as a non-exempt
> employee in the State of California and who (a) recorded breaks of 15 minutes or less in
> duration for which they were not paid regular or overtime wages; and/or (b) are owed
> wages for missed meal breaks; and/or (c) are owed wages for missed rest breaks.

60.     To the extent the Court finds necessary or appropriate, California Plaintiffs reserve the right to seek to divide the California Class into one or more subclasses.

61.     *Numerosity*.   The California Class is so numerous that joinder of all members is impracticable.   Upon information and belief, Wells Fargo has employed thousands of persons who meet the definition of the California Class.   The number and identity of the proposed California Class Members are readily ascertainable through inspection of Wells Fargo's records.

62.     *Commonality*.   Common questions of law and fact exist as to members of the California Class, including but not limited to the following:

a.  Whether Wells Fargo implemented and engaged in a systematic practice whereby it unlawfully failed to compensate its non-exempt employees for recorded breaks of 15 minutes or less in duration;

b.  Whether Wells Fargo implemented and engaged in a systematic practice whereby it unlawfully failed to provide its non-exempt employees with "off-duty" rest periods;

c.  Whether Wells Fargo implemented and engaged in a systematic practice whereby it unlawfully failed to provide its non-exempt employees with "off duty" meal periods;

d.  Whether Wells Fargo has willfully failed to pay at the time of termination of employment all earned wages as a consequence of failing to provide required meal and rest periods and overtime compensation, and regular wages;

e.  Whether the systematic acts and practices of Wells Fargo as alleged herein violated applicable provisions of the Labor Code including but not limited to sections 226 and 226.7 as well as the applicable Wage Orders;

f.  Whether Wells Fargo engaged in unfair business practices in violation of the California Business & Professions Code, including Business and Professions Code sections 17200, *et seq.*

g.  Whether Wells Fargo employee handbooks or policy manuals described bona fide meal breaks as being 30 minutes or more;

h.  Whether such a provision in the employee handbooks or policy manuals created an enforceable promise or other contractual obligation on the part of Wells Fargo to pay its non-exempt employees for meal breaks under 30 minutes;

i.  Whether Wells Fargo employee handbooks or policy manuals provide that breaks of no more than 15 minutes must be counted as time worked;

j.   Whether such a provision in the employee handbooks or policy manuals created an enforceable promise or other contractual obligation on the part of Wells Fargo to pay its non-exempt employees for breaks that were no more than 15 minutes in duration;

k.   Whether Wells Fargo breached such promises or obligations; and

l.   Whether the California Class Members are entitled to recover for such breaches.

63.   *Typicality*.  Plaintiffs' claims are typical of the California Class Members' claims. Plaintiffs and the California Class Members have been denied "off-duty" meal periods and rest periods and were not paid for recorded breaks of 15 minutes or less in duration.  Plaintiff and Members of the Class have not been paid all earned wages owed as a result of the denial of "off-duty" meal and rest periods and failure to be compensated for recorded breaks of 15 minutes or less in duration.

64.   *Predominance*.   Questions of fact and law common to the California Class Members predominate over any questions affecting only individual members.  California Plaintiffs and the other members of the California Class have claims that derive from the same generally applicable policies or practices and do not depend on the personal circumstances of each California Class member.   Thus, California Plaintiffs' experiences are typical of the experiences of the California Class Members because they are or were all non-exempt employees of Wells Fargo in California who sustained damages, including non-payment of wages, as a result of generally applicable policies and practices of Wells Fargo that were in violation of law as described herein.

65.   *Adequacy of Representation*.  The California Plaintiffs will fairly and adequately protect the interests of the California Class Members and have retained counsel experienced in pursuing complex employment matters and class action/multi-party litigation who will adequately, competently and vigorously represent the interests of the California Class Members.   The

California Plaintiffs' claims are not adverse or in conflict with the claims of the California Class Members.

66.     *Superiority*.  Class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy alleged herein.  Treating this as a class action will permit a large number of persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expenses that numerous individual actions would entail.  The California Class Members are readily ascertainable by Wells Fargo from the time records in its possession, and from its own records of which current and former employees are/were non-exempt workers.  The damages can be readily calculated from those time records by applying the pay rate also readily available to Wells Fargo.

## TEXAS CLASS ALLEGATIONS

67.     Plaintiffs Corry A. Williams and Elizabeth Villa-Montes ("Texas Plaintiffs") are class representatives for the Texas Class.

68.     The Texas Plaintiffs bring this class action pursuant to Rule 23 and Texas common law, on behalf of themselves and all others similarly situated who are/were non-exempt Wells Fargo employees in Texas who are owed wages for recorded, unpaid breaks of 15 minutes or less in duration and/or recorded unpaid breaks that do not constitute bona fide meal periods.

69.     Other employees have been victimized by this pattern, practice, and policy of Wells Fargo that is in violation of Texas common law.  Plaintiffs are aware that the illegal practices and policies of Wells Fargo have been imposed on other non-exempt workers.

70.     The Wells Fargo Team Member Handbook and policy documents provide that bona fide meal breaks are at least 30 minutes establishing an enforceable promise or implied or express contract under Texas common law.

71.     Likewise, the Wells Fargo handbook and policy documents provide that rest periods of no more than 15 minutes must be compensated establishing an enforceable promise or implied or express contract under California state common law.

72.     The Texas Plaintiffs bring this action individually and in a representative capacity on behalf of all similarly situated persons pursuant to Texas common law.  The Texas Class is defined as follows:

> All persons who at any time in the 4 years preceding the filing of this lawsuit through the date of disposition of this matter are/were employed by Wells Fargo as a non-exempt employee in the State of Texas and who recorded breaks of 15 minutes or less in duration for which they were not paid regular or overtime wages and/or were not paid for breaks that do not constitute bona fide meal periods.

73.     To the extent the Court finds necessary or appropriate, Texas Plaintiffs reserve the right to seek to divide the Texas Class into one or more subclasses.

74.     *Numerosity*.  The Texas Class is so numerous that joinder of all members is impracticable.  Upon information and belief, Wells Fargo has employed thousands of persons who meet the definition of the Texas Class.  The number and identity of the proposed Texas Class Members are readily ascertainable through inspection of Wells Fargo's records.

75.     *Commonality*.  Common questions of law and fact exist as to members of the Texas Class, including but not limited to the following:

a.   Whether Wells Fargo implemented and engaged in a systematic practice whereby it unlawfully failed to compensate its non-exempt employees for recorded breaks of 15 minutes or less in duration;

b.   Whether Wells Fargo employee handbooks or policy manuals described bona fide meal breaks as being 30 minutes or more;

c.   Whether such a provision in the employee handbooks or policy manuals created an enforceable promise or other contractual obligation on the part of Wells Fargo to pay its non-exempt employees for meal breaks less than 30 minutes;

d.   Whether Wells Fargo employee handbooks or policy manuals provide that breaks of less than 15 minutes must be counted as time worked;

e.   Whether such a provision in the employee handbooks or policy manuals created an enforceable promise or other contractual obligation on the part of Wells Fargo to pay its non-exempt employees for breaks that were less than 15 minutes in duration;

f.   Whether Wells Fargo breached such promises or obligations; and

g.   Whether the Texas Class Members are entitled to recover for such breaches.

76.     *Typicality*.  Plaintiffs' claims are typical of the Texas Class Members' claims. Plaintiffs and the Texas Class were not paid for recorded breaks of 15 minutes or less in duration and/or were not compensated for non bona fide meal breaks.  Plaintiff and Members of the Class have not been paid all earned wages owed as a result of the failure to be compensated for such breaks.

77.     *Predominance*.  Questions of fact and law common to the Texas Class Members predominate over any questions affecting only individual members.  Texas Plaintiffs and the other members of the Texas Class have claims that derive from the same generally applicable policies or practices and do not depend on the personal circumstances of each Texas Class member.  Thus, Texas Plaintiffs' experiences are typical of the experiences of the Texas Class Members because they are or were all non-exempt employees of Wells Fargo in Texas who sustained damages, including non-payment of wages, as a result of generally applicable policies and practices of Wells Fargo that were in violation of law as described herein.

78. *Adequacy of Representation.*  The Texas Plaintiffs will fairly and adequately protect the interests of the Texas Class Members and have retained counsel experienced in pursuing complex employment matters and class action/multi-party litigation who will adequately, competently and vigorously represent the interests of the Texas Class Members.  The Texas Plaintiffs' claims are not adverse or in conflict with the claims of the Texas Class Members.

79. *Superiority.*  Class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy alleged herein.  Treating this as a class action will permit a large number of persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expenses that numerous individual actions would entail.  The Texas Class members are readily ascertainable by Wells Fargo from the time records in its possession, and from its own records of which current and former employees are/were non-exempt workers.  The damages can be readily calculated from those time records by applying the pay rate also readily available to Wells Fargo.

## NEW YORK CLASS ALLEGATIONS

80. Plaintiffs Brian Lynch, Sezgin Unay, John Sorocenski, Brandon Grzan, and John K. Lynch ("New York Plaintiffs") are class representatives for the New York Class.

81. The New York Plaintiffs bring New York state law claims individually and on behalf of a class of all non-exempt Wells Fargo employees who were, are or will be employed by Wells Fargo in the State of New York during the period of six years prior to the commencement of this action through the date of judgment of this action, and who recorded breaks of 20 minutes or less in duration, but were not paid regular wages and/or overtime compensation for those breaks.

82. Plaintiffs bring these claims for relief for violation of the NYLL and NYCRR as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

83.     The New York Class is defined as follows:

All persons who at any time in the 6 years preceding the filing of this lawsuit through the date of disposition of this matter are/were employed by Wells Fargo as a non-exempt employee in the State of New York and who recorded breaks of 20 minutes or less in duration for which they were not paid regular or overtime wages.

84.     *Numerosity*.  The New York Class Members are so numerous that joinder of all members is impracticable.  Upon information and belief, Wells Fargo has employed thousands of persons who meet the definition of the New York Class.   The number and identity of the proposed New York Class Members are readily ascertainable through inspection of Wells Fargo's records

85.     *Commonality*.  Common questions of law and fact exist as to members of the New York Class, including but not limited to the following: (a) whether Wells Fargo failed to pay its non-exempt employees for recorded breaks of 20 minutes or less in duration; and (b) whether Wells Fargo violated the NYLL and NYCRR by failing to pay for such recorded breaks.

86.     *Typicality*.  Plaintiffs' claims are typical of the class members' claims.  The New York Plaintiffs, like the other members of the New York Class, were subject to Wells Fargo's policy and practice of not properly paying its non-exempt employees for recorded breaks of 20 minutes or less in duration in violation of New York state laws.

87.     *Predominance*.   Questions of fact and law common to the New York Class Members predominate over any questions affecting only individual members.  Wells Fargo's failure to pay its non-exempt employees for recorded breaks of 20 minutes or less in duration as required by the NYLL and NYCRR results from generally applicable policies or practices and does not depend on the personal circumstances of class members.  Thus, the New York Plaintiffs' experiences are typical of the experiences of the New York Class Members because they are non-exempt employees of Wells Fargo in New York who sustained damages including non-payment of wages for recorded breaks of 20 minutes or less in duration as a result of Wells Fargo's common

policies and practices.

88.    *Adequacy of Representation*.  The New York Plaintiffs will fairly and adequately protect the interests of the New York Class Members and have retained counsel experienced in pursuing complex employment matters and class action/multi-party litigation who will adequately, competently and vigorously represent the interests of the New York Class Members.  The New York Plaintiffs' claims are not adverse or in conflict with the claims of the New York Class Members.

89.    *Superiority*.  Class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy alleged herein.  Treating this as a class action will permit a large number of persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expenses that numerous individual actions would entail.

## ALLEGATIONS RELATING TO PLAINTIFFS' INDIVIDUAL CLAIMS

90.    Plaintiffs are all non-exempt employees of Wells Fargo who worked in a Wells Fargo banking facility or other office.

91.    During the relevant time period, Plaintiffs were required to perform "off-the-clock" work for which they were not compensated.

92.    Plaintiffs spent time performing work before their scheduled shift, during lunch breaks and after their shift for which they were not compensated.

93.    Plaintiffs also spent time performing work on weekends for which they were not compensated.

94.    Defendants implemented a policy or practice with respect to Plaintiffs,  as follows: (i) Plaintiffs generally were only paid for their scheduled shift time; (ii) Plaintiffs were not paid

for work they performed before their scheduled shift began, during their unpaid meal breaks, and after the end of their scheduled shifts; (iii) Plaintiffs were required to open the branch and close the branch, and they were not paid for this time when it was not included in their schedule, which was most of the time; (iv) Plaintiffs were required to work through lunch, and they were not paid for this time. Some of the Plaintiffs were required to spend time outside the branch and beyond their scheduled shift to market Defendants' financial products and develop business, and they were not paid for time spent performing these duties.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### FLSA PLAINTIFFS' OFF-THE-CLOCK CLAIMS
### AGAINST WELLS FARGO FOR FLSA VIOLATIONS
### (INDIVIDUAL CLAIMS)

95.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

96.     Plaintiffs Monique Perez, Porcelynne Hawthorne, Thaxton V. Rowe, Jr., Corry A. Williams, Karla P. Salazar, John Sorocenski, and John K. Lynch bring individual FLSA claims for off-the-clock violations as described herein ("FLSA Plaintiffs").

97.     Wells Fargo employed FLSA Plaintiffs during the requisite statutory period and at all relevant times has been engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

98.     Each FLSA Plaintiff has signed a consent pursuant to 29 U.S.C. §§ 216(b) and 256, and these consents are being filed along with this Complaint.

99.     The FLSA requires that each covered employer compensate all non-exempt employees at a rate of one and one-half times their regular rates of pay for all hours worked in excess of forty hours per work week.

100.    FLSA Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked and/or minimum wages.

101.    At all relevant times, pursuant to company policies, procedures and practices, Wells Fargo failed and refused to pay overtime compensation and/or minimum wages to Plaintiffs in violation of the FLSA.

102.    Such conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

103.    FLSA Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, unpaid minimum wages, liquidated damages as provided by the FLSA, interest, and all other compensatory, equitable and other legal relief to which they may be entitled.

104.    FLSA Plaintiffs seek recovery of their attorneys' fees, litigation expenses and costs to be paid by Defendants as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### CLAIMS AGAINST DEFENDANTS FOR FAILURE TO PAY FOR RECORDED BREAKS OF 20 MINUTES OR LESS IN VIOLATION OF THE FLSA
### (COLLECTIVE ACTION CLAIMS)

105.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

106.    At all relevant times, Wells Fargo has been and continues to be an "employer" of FLSA Plaintiffs and members of the collective action engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

107.    Each FLSA Plaintiff has signed a consent pursuant to 29 U.S.C. §§ 216(b) and 256, and such consents are being filed along with this complaint.

108.    Pursuant to the Code of Federal Regulations promulgated by the United States Department of Labor, pursuant to the Fair Labor Standards Act, breaks that are 20 minutes or less must be paid:

> **Rest periods of short duration, running from 5 minutes to about 20 minutes**, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. **They must be counted as hours worked.** Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.

29 C.F.R. § 785.18 (emphasis added).

109.    At all relevant times, pursuant to company policies, procedures and practices, Wells Fargo failed and refused to pay for recorded breaks of 20 minutes or less in duration to FLSA Plaintiffs and members of the FLSA Collective Action in violation of the FLSA.

110.    Wells Fargo was advised of and aware of this requirement and aware that its time system did not pay for recorded breaks regardless of length. Such conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

111.    FLSA Plaintiffs, on behalf of themselves and the members of the FLSA Collective Action, seek damages in the amount of their respective unpaid compensation, liquidated damages as provided by the FLSA, interest, and all other compensatory, equitable and other legal relief to which they may be entitled.

112.    FLSA Plaintiffs, on behalf of themselves and the members of the FLSA Collective Action, seek recovery of their attorneys' fees, litigation expenses and costs to be paid by Wells Fargo as provided by the FLSA, 29 U.S.C. § 216(b).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## THIRD CAUSE OF ACTION
### CALIFORNIA PLAINTIFFS' OFF-THE-CLOCK CLAIMS AGAINST DEFENDANTS IN VIOLATION OF THE CALIFORNIA LABOR CODE §§ 510, 1194 (INDIVIDUAL CLAIMS)

113.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

114.    Plaintiffs Monique Perez, Thaxton V. Rowe, Jr. and Porcelynne Hawthorne ("California Plaintiffs") bring individual claims against Defendants for off-the-clock claims in violation of the California Labor Code.

115.    California Labor Code §§ 510, 1194 and all applicable Industrial Welfare Commission Wage Orders (including but not necessarily limited to, 8 Cal Code Regs § 11070), provide that employees in California shall not be employed more than eight (8) hours in any workday, and more than forty (40) hours in any workweek, unless they receive additional compensation beyond their regular wages at a rate of time and one-half (1 ½ ), with double time after eight (8) hours of the seventh day of any work week or twelve (12) hours in any work day.

116.    California Plaintiffs were regularly and consistently required to work more than (8) hours in any workday (sometimes exceeding 12 hours), and more than forty 40 hours in any workweek and were not compensated for such work at premium rates.

117.    Defendants knowingly and willfully violated the provisions of the California Labor Code §§ 510 and 1194 by refusing to perform their obligations to compensate California Plaintiffs for all wages earned and all hours worked.

118.    As a result of the unlawful acts of Defendants, California Plaintiffs have been deprived of overtime in amounts to be determined at trial and are entitled to recover such amounts, plus interest and penalties, attorneys' fees and costs pursuant to Labor Code §§ 510 and 1194.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# FOURTH CAUSE OF ACTION
## CLAIMS AGAINST DEFENDANTS FOR VIOLATION OF
## CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.*)
## (CLASS ACTION CLAIMS)

119.    California Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

120.    The California Plaintiffs bring these claims individually and in a representative capacity on behalf of the California Class.

121.    The California Unfair Competition Law ("UCL"), California Business & Professions Code § 17200 *et seq.*, prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

122.    During all relevant times, Defendants committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by California Business & Professions Code § 17200.  Defendants' unlawful, unfair, deceptive, and/or fraudulent business practices include, without limitation, failing to pay overtime wages, failing to pay for all hours worked or that were required to be paid, failing to pay minimum wages, failing to provide and authorize mandated meal and rest periods, and failing to pay all wages upon termination in violation of California law.

123.    Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL.

124.    As a result of this unlawful and/or unfair and/or fraudulent business practice, Defendants reaped unfair benefits and illegal profits at the expense of California Plaintiffs and the California Class.  Defendant must disgorge these illegally obtained gains and restore to the California Plaintiffs and California Class Members all wrongfully withheld wages, including, but not limited to minimum wages and overtime compensation.

125.    California Plaintiffs, individually and on behalf of the members of the California

Class, respectfully request that judgment be awarded in their favor to provide restitution and

interest, and the relief requested below in the Prayer for Relief.

## FIFTH CAUSE OF ACTION
### CLAIMS AGAINST DEFENDANTS FOR FAILURE TO PAY FOR RECORDED BREAKS OF 20 MINUTES OR LESS IN VIOLATION OF CALIFORNIA STATE LAW
### (CLASS ACTION CLAIMS)

126.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if

fully rewritten herein.

127.    The California Plaintiffs bring these claims individually and in a representative

capacity on behalf of the California Class.

128.    Under California law, rest periods are counted as time worked.  Wage Orders Nos.

1-2001-16-2001, §§ 11-12(A) (8 Cal Code Regs §§11010-11160, §§ 11-12(A)).

129.    California requires that bona fide meal periods be at least 30 minutes

(uninterrupted) or they are considered time worked.  Cal. Lab. Code § 512(a).

130.    The California Plaintiffs and California Class Members did not and continue to not

receive the California statutory minimum wages, regular wages and/or overtime wages for all

recorded breaks of 20 minutes or less in duration.

131.    Consequently, by failing to pay California Plaintiffs and other members of the

putative California Class wages for all recorded breaks of 20 minutes or less in durationWells

Fargo violated California wage and hour laws.   Wage Orders Nos. 1-2001-16-2001, §§ 11-12(A)

(8 Cal Code Regs §§11010-11160, §§ 11-12(A)); Cal. Lab. Code § 512(a); Cal. Bus. & Prof. Code

§ 17200 *et seq.*

132.    By the foregoing actions, Wells Fargo has violated the California Labor Code and

is liable to Plaintiffs and the members of the California Class who have performed work for Wells

Fargo within the State of California in an amount to be determined at trial, plus interest, attorneys' fees, litigation expenses and costs.

**SIXTH CAUSE OF ACTION**
**FAILURE TO PROVIDE REQUIRED MEAL BREAKS**
**PURSUANT TO CALIFORNIA LABOR CODE §§226.7, 512**
**(CLASS ACTION CLAIMS)**

133.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

134.    The California Plaintiffs bring these claims individually and in a representative capacity on behalf of the California Class.

135.    At all times relevant herein, in violation of Labor Code § 226.7(a), Wells Fargo knowingly and intentionally required employees to work during meal periods mandated by Labor Code § 512 and California Administrative Code § 11040.

136.    Section 11(A) of the applicable Wage Order and section 512 of the Labor Code require an employer to pay an additional hour of compensation for each meal period the employer fails to provide.  Employees are entitled to a meal period of at least thirty (30) minutes per five (5) hour work period.  California Plaintiffs and the California Class Members worked over five (5) hour shifts.

137.    Wells Fargo failed to provide California Plaintiffs and the California Class Members with meal breaks as required by the Code.

138.    Section 11(B) of the applicable Wage Order states that if an employer fails to provide an employee with a meal period, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

139.    As a proximate result of Wells Fargo's violation, California Plaintiffs and the California Class Members were injured.  Pursuant to Labor Code § 226.7(b) and related

administrative orders and regulations California Plaintiffs and the California Class Members are

entitled to damages in an amount equal to one (1) hour of wages for each missed meal break, in a

sum to be proven at trial.

## SEVENTH CAUSE OF ACTION
### FAILURE TO ALLOW REST BREAKS
### PURSUANT TO LABOR CODE § 226.7
### (CLASS ACTION CLAIMS)

140.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if

fully rewritten herein.

141.    The California Plaintiffs bring these claims individually and in a representative

capacity on behalf of the California Class.

142.    California Labor Code § 226.7(a) prohibits an employer from requiring employees

to work during any rest period mandated by an applicable order of the IWC.

143.    The IWC has issued various Wage Orders including Wage Order 4, which regulates

Professional, Technical, Clerical, Mechanical and Similar Operations, including persons such as

California Plaintiffs and California Class Members.

144.    Section 12(A) of the applicable Wage Order states that "the authorized rest period

time shall be based on the total hours worked daily at the rate of ten minutes net rest time per four

hours or major fraction thereof."

145.    Section 12(B) of the applicable Wage Order requires an employer to pay an

employee one hour of regular pay for each work day that the rest period is not provided.

146.    At all times relevant herein, in violation of Labor Code § 226.7(a), Wells Fargo

knowingly and intentionally required employees to work during required rest periods.

147.    Wells Fargo failed to provide California Plaintiffs and the California Class

Members with rest breaks as required by the Code.

148.    As a proximate result of Wells Fargo's violation, California Plaintiffs and the California Class Members were injured.   Pursuant to Labor Code § 226.7(b) and related administrative orders and regulations, Plaintiff and the Class members are entitled to damages in an amount equal to one (1) hour of wages per missed rest break, in a sum to be proven at trial.

### EIGHTH CAUSE OF ACTION
#### WAITING TIME PENALTIES UNDER
#### CALIFORNIA LABOR CODE §§ 201-203
#### (CLASS ACTION CLAIMS)

149.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

150.    The California Plaintiffs bring these claims individually and in a representative capacity on behalf of the California Class.

151.    The California Plaintiffs and numerous California Class Members are no longer employed by Defendants, in that they quit or were discharged from employment.

152.    Defendants willfully refused, and continue to refuse, to pay these California Plaintiffs and California Class Members all wages earned and owed in a timely manner as required by California Labor Code §§ 201, 202, and 203.

153.    Defendants' failure to pay wages, as alleged above, was willful in that Defendants knew wages were due but failed to pay them, thus entitling California Plaintiffs and California Class Members to penalties under Labor Code § 203, which provides than an employee's wages shall continue as a penalty until for a period up to thirty (30) days from the time they were due.

154.    Defendants have failed to pay California Plaintiffs and others a sum certain at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter.

155.    Pursuant to the provisions of California Labor Code § 203, California Plaintiffs and the California Class Members are entitled to a penalty in the amount of their daily wage multiplied by thirty (30) days.

### NINTH CAUSE OF ACTION
#### BREACH OF CONTRACT IN VIOLATION OF CALIFORNIA STATE LAW (CLASS ACTION CLAIMS)

156.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

157.    The California Plaintiffs bring these claims individually and in a representative capacity on behalf of the California Class.

158.    Defendants' employee handbook constitutes an agreement with each respective Plaintiff and member of the Class.

159.    The handbook provides that "if you're in a non exempt position, you are entitled to pay for all hours actually worked, even those that exceed your regular schedule or that are not authorized before working them."

160.    With regard to overtime, the handbook states that "all team members may be required to work hours in addition to their standard hours as directed by their manager.  The Fair Labor Standards Act (FLSA) requires that nonexempt employees receive overtime pay if they work more than 40 hours in a workweek.  In some locations, there may also be additional state law governing overtime pay."

161.    The handbook defines "breaks" as "paid rest periods of no more than 15 minutes, scheduled as appropriate (or legally required) by the manager."

162.    California Plaintiffs and members of the California Class have performed all of their obligations under the agreement as set forth in the employee handbook.

163.    Defendants' have breached the agreement as set forth in its employee handbook by failing to pay California Plaintiffs and members of the California Class for all hours actually worked.

164.    In addition, Defendants have breached their agreements with California Plaintiffs and members of the California Class by failing to pay them overtime wages when applicable.

165.    Defendants have further breached the agreement by failing to compensate California Plaintiffs and members of the California Class for breaks of 15 minutes or less.

166.    As a result of Defendants' breaches, California Plaintiffs and members of the California Class have been damaged in an amount to be established at the time of trial.

## TENTH CAUSE OF ACTION
### BREACH OF CONTRACT FOR FAILURE TO PAY
### FOR BREAKS OF 15 MINUTES OR LESS
### IN VIOLATION OF TEXAS STATE LAW
### (CLASS ACTION CLAIMS)

167.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

168.    Plaintiffs Corry A. Williams and Elizabeth Villa-Montes ("Texas Plaintiffs") bring these claims individually and in a representative capacity on behalf of Texas Class Members.

169.    Each Texas Plaintiff and member of the Texas Class entered into a written and/or oral agreement which constitutes a valid and enforceable contract.

170.    The terms of the written and/or oral agreement are found in Defendants' Team Member Handbook.

171.    The handbook defines "breaks" as "paid rest periods of no more than 15 minutes, scheduled as appropriate (or legally required) by the manager."

172.     Texas Plaintiffs and members of the Texas Class performed all of their obligations under such contract.

173.     Defendants' failure to pay Texas Plaintiffs and members of the Texas Class all wages owed for breaks of 15 minutes or less in accordance with the Team Member Handbook constitutes a breach of contract.

174.     As a direct and proximate result of Defendants' breach, Texas Plaintiffs and members of the Texas Class suffered injury in the form of actual damages.

## ELEVENTH CAUSE OF ACTION
### BREACH OF CONTRACT FOR FAILURE TO PAY FOR NON-BONA FIDE MEAL PERIODS IN VIOLATION OF TEXAS STATE LAW (CLASS ACTION CLAIMS)

175.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

176.     The Texas Plaintiffs bring these claims individually and in a representative capacity on behalf of Texas Class Members.

177.     Each respective Texas Plaintiff and member of the Texas Class entered into a written and/or oral agreement which constitutes a valid and enforceable unilateral contract.

178.     The terms of the written and/or oral agreement are found in Defendants' Team Member Handbook.

179.     The handbook defines "meal period" as "unpaid time off, ranging from 30 to 60 minutes."

180.     Texas Plaintiffs and members of the Texas Class took breaks that do not constitute a "meal period" as defined in the handbook.

181.   Texas Plaintiffs and members of the Texas Class performed all of their obligations under such contract.

182.   Defendants' failure to pay Texas Plaintiffs and members of the Texas Class for breaks that are non-bona fide meal periods constitutes a breach of contract.

183.   As a direct and proximate result of Defendants' breach, Texas Plaintiffs and members of the Texas Class suffered an injury in the form of actual damages.

**TWELFTH CAUSE OF ACTION**
**PLAINTIFFS' OFF-THE-CLOCK CLAIMS AGAINST DEFENDANTS**
**IN VIOLATION OF NYLL AND NYCRR**
**(INDIVIDUAL CLAIMS)**

184.   Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

185.   Plaintiffs Brian Lynch, Sezgin Unay, John Sorocenski, Brandon Grzan, and John K. Lynch ("New York Plaintiffs") assert off-the-clock claims against Defendants for vioaltions of NYLL and NYCRR.

186.   New York Plaintiffs' individual state law claims arise under (1) 12 NYCRR § 142-2.2, which provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate;" (2) NYLL § 652(1), which specifies a minimum wage that "[e]very employer shall pay to each of its employees for each hour worked" (emphasis added); and (3) NYLL §§ 190 and 191,which require that employees be compensated at the legal rates for all hours worked.

187.   New York Plaintiffs' individual state law claims further are actionable pursuant to NYLL § 663, which creates a private right of action to enforce the rights established by NYLL § 652 and NYCRR § 142-2.2, and which states "[i]f any employee is paid by the employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action

the amount of any such underpayments, together with costs and such reasonable attorney's fees."
NYLL § 663.  This cause of action is therefore properly maintained pursuant to NYLL § 663.

188.   Plaintiffs are non-exempt employees who were/are entitled to overtime
compensation.

189.   New York Plaintiffs are entitled to overtime pay for all hours in excess of forty
hours worked during each work week.

190.   New York Plaintiffs regularly worked more than forty hours in a work week while
working for Defendants.

191.   New York Plaintiffs did not receive the New York statutory minimum wages or
overtime compensation for all hours worked after the first forty hours in a work week.

192.   Consequently, by failing to pay New York Plaintiffs the minimum wages and
overtime compensation for work performed after the first forty hours worked in a work week,
Defendants violated NYLL §§ 652(1), 190 and 191 and 12 NYCRR § 142-2.2.

193.   In further violation of the NYCRR, specifically section 142-2.6, Defendants have
failed to maintain accurate employee records, including the number of hours worked per work
week by New York Plaintiffs.

194.   Defendants were required to pay New York Plaintiffs overtime pay and all wages
owed for all the hours worked over forty per work week.

195.   Defendants' violations as described herein constitute willful violations.  New
York Plaintiffs are, therefore, entitled to recover liquidated damages.

196.   By the foregoing actions, Defendants have violated the NYLL and NYCRR and are
liable to New York Plaintiffs, who performed work for Defendants within the State of New York,
in an amount to be determined at trial, plus interest, attorneys' fees, litigation expenses and costs.

### THIRTEENTH CAUSE OF ACTION
**CLAIMS AGAINST WELLS FARGO FOR FAILURE TO PAY FOR RECORDED BREAKS OF 20 MINUTES OR LESS IN VIOLATION OF NEW YORK STATE LAW (CLASS ACTION CLAIMS)**

197.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

198.    The New York Plaintiffs bring these claims individually and in a representative capacity on behalf of New York Class Members

199.    Pursuant to the Code of Federal Regulations promulgated by the United States Department of Labor and the Fair Labor Standards Act, breaks of 20 minutes or less in duration must be paid:

> **Rest periods of short duration, running from 5 minutes to about 20 minutes,** are common in industry.  They promote the efficiency of the employee and are customarily paid for as working time.  **They must be counted as hours worked.** Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.

29 C.F.R. § 785.18 (emphasis added).  This requirement is incorporated into New York Labor Law.

200.    The New York State Department of Labor is charged with enforcing New York State Labor Laws, ensuring a fair wage for all workers.  The New York Department of Labor has stated that:

> **Must employees be paid for breaks and rest periods?**
>
> While the Labor Law does not require that employers provide rest periods of short duration, if they are provided to or taken by employees, they must be counted as working time. The Department follows Federal Regulation 29 CFR §785.18 which provides that rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time[.]

201.    This cause of action involves violations of (1) section 652(1) of the NYLL, which specifies a minimum wage that "[e]very employer shall pay to each of its employees for each hour worked," and (2) violations of sections 190 and 191 of the NYLL, which similarly require that employees must be compensated at the legal rates for all hours worked.

202.    Section  663 of the NYLL creates a private right of action to enforce the rights established by Article 19, and it states "[i]f any employee is paid by the employer less than the wage to which he is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due."  NYLL § 663.

203.    Under New York State law, private causes of action for unpaid wages are authorized under section 663 of the NYLL and are appropriate for class treatment.

204.    New York Plaintiffs and other members of the New York Class recorded, but were not paid for, breaks from work that lasted 20 minutes or less in duration while working for Wells Fargo.

205.    New York Plaintiffs and other members of the New York Class did not and continue to not receive the New York statutory minimum wages, regular wages and/or overtime wages for all recorded breaks of 20 minutes or less in duration.

206.    Consequently, by failing to pay New York Plaintiffs and other members of the New York Class wages for all recorded breaks of 20 minutes or less in duration, Wells Fargo violated NYLL §§ 652(1), 190 and 191.

207.    Wells Fargo's violations as described herein constitute willful violations.  Plaintiffs and the members of the New York Class and Subclasses are entitled to recover liquidated damages.

208.    By the foregoing actions, Wells Fargo has violated the NYLL and is liable to the New York Plaintiffs and the members of the New York Class who have performed work for Wells Fargo within the State of New York in an amount to be determined at trial, plus interest, attorneys' fees, litigation expenses and costs.

## PRAYER

WHEREFORE Plaintiffs, on behalf of themselves and the putative class members and collective action members, respectfully pray that this Court certify that Causes of Action 2, 4-11 and 13 be maintained as a class action and/or collective action as described herein, and that subsequent thereto Plaintiffs and all others to this action recover the following:

a.    An order preliminarily and permanently restraining and enjoining Defendants from engaging in the aforementioned violations;

b.    statutory and common law damages and restitution for all unpaid wages (including fringe benefits and bonuses), unpaid overtime compensation (at the requisite statutory rate), and unpaid minimum wages and other injuries and damages, as provided by the Cal. Labor Code (and applicable Wage Orders), Cal. Bus. & Prof. Code, NYLL, NYCRR and FLSA;

c.    breach of contract damages;

d.    liquidated damages;

e.    all applicable penalties for the violations set forth herein;

f.    an award of reasonable attorneys' fees, litigation expenses, expert fees and costs incurred in vindicating the rights of Plaintiffs and all other members of the putative Classes and Collective Action;

g.    an award of pre-judgment and post-judgment interest at the highest rate permitted by law; and

h.    such other and further relief, at law or in equity, as this Court deems just and appropriate.

DATED:  March 3, 2014

By: /s/ John M. Padilla
     John M. Padilla
     **PADILLA & RODRIGUEZ, L.L.P.**

     Rhonda H. Wills
     **WILLS LAW FIRM, PLLC**
     *Pro Hac Vice* Pending

     **ATTORNEYS FOR PLAINTIFFS AND
     THE PUTATIVE CLASSES**

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of themselves and all others similarly situated respectfully demands a trial by jury.

DATED:  March 3, 2014

By: /s/ John M. Padilla
John M. Padilla
**PADILLA & RODRIGUEZ, L.L.P.**

Rhonda H. Wills
**WILLS LAW FIRM, PLLC**
*Pro Hac Vice* Pending

**ATTORNEYS FOR PLAINTIFFS AND THE PUTATIVE CLASSES**