PADILLA & RODRIGUEZ, L.L.P.
John M. Padilla (SBN 279815)
jpadilla@pandrlaw.com
601 South Figueroa Street, Suite 4050
Los Angeles, California 90017
Telephone: (213) 244-1401
Facsimile: (213) 244-1402

Jose Moises Cedillos) (*pro hac vice*)
mcedillos@pandrlaw.com
1776 Yorktown, Suite 110
Houston, Texas 77056
Telephone: (832) 740-4300
Facsimile: (832) 740-4301

WILLS LAW FIRM, PLLC
Rhonda H. Wills (*pro hac vice*)
rwills@rwillslawfirm.com
1776 Yorktown, Suite 570
Houston, Texas 77056
Telephone: (713) 528-4455
Facsimile: (713) 528-2047

Attorneys for Plaintiffs and the Putative Class

SEYFARTH SHAW LLP
Christian J. Rowley (SBN 187293)
crowley@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California  94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Timothy M. Watson (SBN 20963575) (*pro hac vice*)
twatson@seyfarth.com
700 Milam Street, Suite 1400
Houston, Texas 77002-2812
Telephone: (713) 225-2300
Facsimile: (713) 225-2340

Richard L. Alfred (SBN 015000) (*pro hac vice* pending)
ralfred@seyfarth.com
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
Telephone: (617) 946-4802
Facsimile: (617) 946-4801

Attorneys for Defendants WELLS FARGO & COMPANY,
WELLS FARGO BANK, N.A., WFC HOLDINGS
CORPORATION, WACHOVIA CORPORATION,
and WACHOVIA BANK, N.A.

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER - CASE NO. C 14-00989 PJH
17589946v.1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MONIQUE PEREZ, THAXTON V. ROWE, JR., PORCELYNNE HAWTHORNE, CORRY A. WILLIAMS, ELIZABETH VILLA-MONTES, KARLA P. SALAZAR, BRIAN LYNCH, SEZGIN UNAY, JOHN SOROCENSKI, BRANDON GRZAN, JOHN K. LYNCH, JASON L. HOFFMAN, and SONA K. ANAND, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A., WFC HOLDINGS CORPORATION, WACHOVIA CORPORATION, WACHOVIA BANK, N.A., and DOES 1-50, Inclusive,<br><br>        Defendants. | Case Number: C 14-00989 PJH<br><br>JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER<br><br><br>Date:   July 24, 2014<br>Time:   2 p.m.<br>Place:  Courtroom 3, 3rd Floor<br>Judge:  Honorable Phyllis J. Hamilton |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

1. Jurisdiction & Service

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

1    The parties agree that this Court has subject matter jurisdiction over Plaintiffs' federal

2    claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  Plaintiffs assert

3    that this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331

4    and 1337 and 29 U.S.C. § 216(b).  Plaintiffs also assert that this Court has original jurisdiction

5    over the state law wage and hour claims under the Class Action Fairness Act, 28 U.S.C. §

6    1332(d), and this Court also has supplemental jurisdiction over the Named Plaintiffs' individual

7    state law claims pursuant to 28 U.S.C. § 1367.  Defendants Wells Fargo & Company, Wells Fargo

8    Bank, N.A., WFC Holdings Corporation, Wachovia Corporation, and Wachovia Bank, N.A.

9    ("Defendants" or "Wells Fargo") have been served and have answered.

10    Defendants do not challenge the Court's exercise of supplemental jurisdiction at this

11    time, but maintain that such jurisdiction would become inappropriate at a later date if Plaintiffs

12    were to seek, and the Court were to grant, certification of a Rule 23 class with respect to their

13    state law claims.  *See*, *e.g.*, *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 470 (N.D. Cal.

14    2004) ("Should only a few plaintiffs opt in to the FLSA class after the court were to certify a

15    Rule 23 state law class . . . [t]he court might then be in a position in which declining supplemental

16    jurisdiction would be appropriate, given that the state law claims could be said substantially to

17    predominate over the federal claims").  Plaintiffs disagree with Defendants' position and will

18    object to any challenge to the Court's exercise of supplemental jurisdiction.

19    Defendants admit that they are subject to personal jurisdiction in this District.

2.  Facts

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

**Plaintiffs' Contentions:**

22    The Complaint in this action was filed on March 3, 2014 and amended on March 28,

23    2014.  There are currently 14 persons who have joined this action:  thirteen Named Plaintiffs

24    and one opt-in plaintiff.   Plaintiffs were all employed by Wells Fargo in the one or more of

25    the following states: California, New York, New Jersey, Texas Florida, and Missouri.

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER - CASE NO. C 14-00989 PJH
17589946v.1

Plaintiffs are all former employees of Wells Fargo who were classified as "non-exempt" employees under the FLSA, as well as all applicable state wage and hour laws.

Plaintiffs bring this action to recover overtime compensation, unpaid wages, compensatory damages, litigation expenses, expert witness fees, attorneys' fees, costs of court, pre-judgment and post-judgment interest, liquidated damages, applicable penalties, all other available statutory remedies, equitable remedies and injunctive relief under the provisions of the California Labor Code (as well as all applicable Wage Orders and the California Business and Professions Code) and California common law (breach of contract), Texas common law (breach of contract), New York Labor Laws ("NYLL"), and the New York Codes, Rules and Regulations ("NYCRR"), as well as the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA").

Plaintiffs bring this action as a collective action on behalf of themselves and all others similarly situated nationwide whose rights were violated pursuant to the FLSA for Defendants' failure to pay Plaintiffs and the FLSA Collective Action Members regular and/or overtime wages for recorded breaks of 20 minutes or less in duration.  Plaintiffs also bring this action pursuant to Federal Rule of Civil Procedure 23 and seek to certify the following classes as defined in their Complaint: (i) the California Class; (ii) the Texas Class; and (iii) the New York Class.

The FLSA Collective Action includes the following:

> All non-exempt Wells Fargo employees nationwide in the last 3 years who recorded one or more breaks of 20 minutes or less in duration for which they were not paid regular wages and/or overtime compensation.

The California Rule 23 Class includes the following:

All non-exempt Wells Fargo employees in California, who were denied statutorily mandated "off-duty" meal periods and rest periods during that time and/or are owed overtime wages and/or are owed wages for recorded, unpaid breaks of 20 minutes or less in duration, and/or are owed wages for recorded, unpaid breaks of 15 minutes or less in duration and/or are owed damages for unpaid meal periods of less than 30 minutes in duration.

The Texas Rule 23 Class includes the following:

All non-exempt Wells Fargo employees in Texas who are owed wages for recorded, unpaid breaks of 15 minutes or less in duration and/or recorded uncompensated meal periods that were less than 30 minutes in duration.

The New York Rule 23 Class includes the following:

All non-exempt Wells Fargo employees in New York who recorded breaks of 20 minutes or less in duration for which they were not paid regular and/or overtime wages.

Plaintiffs also bring individual claims against Defendants for off-the-clock violations stemming from Defendants' failure to pay Plaintiffs overtime wages and/or minimum wages in willful violation of the FLSA and California and New York state laws.  Plaintiffs reserve the right to seek to amend their complaint within the requisite deadline imposed by the Court.

**Defendants' Contentions:**

The thirteen named plaintiffs (collectively "Plaintiffs")  in this case worked for the Community Banking operating segment of Wells Fargo Bank, N.A. (hereinafter referred to as "Wells Fargo")[1] in California, New York, and Texas as private bankers, personal bankers, tellers, or customer service and sales representatives, among other hourly-paid positions.

---

[1] Effective March 20, 2010, Wachovia Bank, N.A. merged with and into Wells Fargo Bank, N.A., with the resulting title Wells Fargo Bank, N.A.  Defendant Wachovia Bank, N.A. no longer exists as an entity.  Wells Fargo Bank, N.A. is the successor in interest to Wachovia Bank, N.A.  Only Plaintiffs who worked for Wachovia Bank, N.A. in New York State on or after March 3, 2008 (the date Plaintiffs filed their Original Complaint, Dkt. No. 1) have any potential claims related to that entity.

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER - CASE NO. C 14-00989 PJH
17589946v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs filed this action on March 3, 2014, and they filed their First Amended Complaint on March 28, 2014.  (Dkt. 10.)  In it, they assert on behalf of a vast putative nationwide collective of 150,000 non-exempt employees that Wells Fargo willfully violated the FLSA by failing to pay them for unpaid breaks of less than 20 minutes in duration.  They assert similar state claims under California, New York and Texas statutory and/or common law on behalf of a Rule 23 class of employees working in each of those respective states.  Plaintiffs have also asserted individual claims alleging they performed off-the-clock work without compensation in violation of the FLSA and California, New York, and Texas state laws, and that Wells Fargo violated various other California and New York statutes.  Plaintiffs seek damages including allegedly unpaid wages, compensatory damages, litigation expenses, expert witness fees, attorneys' fees, costs of court, pre-judgment and post-judgment interest, liquidated damages, and penalties, as well as equitable remedies and injunctive relief.

Wells Fargo denies Plaintiffs' allegations in their entirety.  Wells Fargo further denies that Plaintiffs are similarly situated to any other putative collective action members with respect to any of the claims alleged in this lawsuit.  Wells Fargo also denies that Plaintiffs can maintain a collective action or Rule 23 class action with respect to any of the claims alleged in this lawsuit.

The following are the major foreseeable fact issues in this case:

1.    Whether Plaintiffs worked "off the clock," and the type and duration of such work, if any;

2.    Whether Plaintiffs took meal and/or rest breaks and, if so, how often and of what duration;

3.    Whether Plaintiffs performed work for Wells Fargo during their meal breaks, and the type and duration of such work, if any; and

4.    Whether Plaintiffs worked hours in excess of forty per week and the number of such hours of work, if any.

The parties reserve the right to amend or supplement this list of factual issues as appropriate after discovery.

3. <u>Legal Issues</u>

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

**Plaintiffs' Contentions:**

1. At any time within the statutory period, did Defendants violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, by failing to pay Plaintiffs and the FLSA class for recorded breaks of 20 minutes or less in duration?

2. At any time within the statutory period, did Defendants violate the FLSA by failing to pay overtime to Plaintiffs for alleged off the clock work?

3. At any time within the statutory period, did Defendants violate Cal. Lab. Code §§ 510, 1194 and/or California Business and Professions Code § 17200, by failing to pay overtime to the California Plaintiffs for alleged off the clock work?

4. At any time within the statutory period, did Defendants violate New York Labor Law (NYLL §§ 190, 191, 652(1); NYCRR 142-2.2), by failing to pay overtime to the New York Plaintiffs for alleged off the clock work?

5. At any time within the statutory period, did Defendants violate California Labor Code §§ 226.7, 512, by failing to provide uninterrupted meal breaks to the California Plaintiffs?

6. At any time within the statutory period, did Defendants violate California Labor Code § 226.7, by failing to provide rest breaks to the California Plaintiffs?

7. At any time within the statutory period, did Defendants violate California State labor laws by failing to pay the California Plaintiffs and the California class for breaks of 20 minutes or less in duration?

8. At any time within the statutory period, did Defendants violate New York Labor Law (NYLL §§ 190, 191, 652(1)) by failing to pay the New York Plaintiffs and the New York class for breaks of 20 minutes or less in duration?

9. Do Defendants owe Waiting Time Penalties (California Labor Code §§ 201, 202, 203) to the California Plaintiffs?

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER - CASE NO. C 14-00989 PJH
17589946v.1

10. Did Defendants breach a contract by failing to compensate the California Plaintiffs for non-bona fide meal periods under California state law?

11. Did Defendants breach a contract by failing to compensate the Texas Plaintiffs for non-bona fide meal periods under Texas state law?

**Defendants' Contentions:**

Plaintiffs assert the following claims in this lawsuit: (1) individual overtime and minimum wage claims under the FLSA stemming from alleged off-the-clock work performed by Plaintiffs; (2) a nationwide collective action under the FLSA for failure to pay for breaks of 20 minutes or less; (3) individual overtime claims under California law; (4) a Rule 23 class action for alleged unlawful and unfair business practices under California law; (5) a Rule 23 class action for alleged failure to pay for breaks of 20 minutes or less under California law; (6) a Rule 23 class action for alleged failure to provide required meal breaks under California law; (7) a Rule 23 class action for alleged failure to provide required rest breaks under California law; (8) a Rule 23 class action for waiting time penalties under California law; (9) a Rule 23 class action for breach of contract under California law (10) a Rule 23 class action for breach of contract for failure to pay for breaks of 15 minutes or less under Texas law; (11) a Rule 23 class action for breach of contract for failure to pay for meal periods of less than 30 minutes under Texas law; (12) individual overtime and minimum wage claims under New York law; and (13) a Rule 23 class action for failure to pay for breaks of 20 minutes or less under New York law.

Wells Fargo denies Plaintiffs' allegations in their entirety. Wells Fargo further denies that Plaintiffs are similarly situated to any other putative collective action members with respect to any of the claims alleged in this lawsuit, and Wells Fargo also denies that Plaintiffs can maintain a collective action or Rule 23 class action with respect to any of the claims alleged in this lawsuit.

The following are the major foreseeable legal issues in this case:

1. Whether Plaintiffs and members of the putative collective action are "similarly situated" such that a collective action may be certified.

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER - CASE NO. C 14-00989 PJH
17589946v.1

2. Whether this action meets the requirements for a class action, including:

    a. Whether there are questions of law or fact common to the putative class;

    b. Whether Plaintiff's claims are typical of the claims of the putative class;

    c. Whether Plaintiff will fairly and adequately protect the interests of the putative class; and

    d. Whether questions of law or fact common to the putative class predominate over any questions affecting only individual members, and whether a class action is superior to other available methods for fairly and efficiently adjudicating the controversy;

3. Whether and/or under what circumstances breaks of 20 minutes or less can be *bona fide* meal periods under the FLSA (29 C.F.R. § 785.19);

4. Whether and/or under what circumstances breaks of 20 minutes or less can be *bona fide* meal periods under California law (Wage Commission ("IWC") Wage Orders and California Labor Code Section 512);

5. Whether and/or under what circumstances breaks of 20 minutes or less can be *bona fide* meal periods under New York law (NYLL and NYCRR);

6. Whether the breaks allegedly taken by Plaintiffs and members of the putative collective that they claim were less than 20 minutes constituted *bona fide* meal periods under the FLSA, California law, and New York law;

7. Whether Defendants failed to provide meal periods and make rest periods available to Plaintiffs as required by applicable IWC Wage Orders and California Labor Code Sections 226 and 512;

8. Whether Defendants had and/or breached any contract or contracts with Plaintiffs under California law;

9. Whether Defendants had and/or breached any contract or contracts with Plaintiffs under Texas law;

10.     Whether Defendants' compensation plan results in the untimely payment of final wages under California Labor Code Sections 201-203;

11.     Whether Defendant's alleged acts constitute acts of unfair competition under California Business and Professions Code section 17200, et seq.;

12.     Whether Plaintiffs and the putative class members are entitled to monetary relief, including, but not limited to, damages and/or restitution;

13.     Whether Plaintiffs and the putative class members are entitled to statutory penalties, and if so, which ones and what amounts; and

14.     Whether the FLSA permits recovery for allegedly unpaid straight-time hours where total pay exceeds the minimum wage rate for all hours worked.

15.     Whether Defendants violated NYLL § 190, 191, 652(1), or NYCRR 142-22 by allegedly failing to pay overtime for work they claim to have performed "off the clock."

The parties reserve the right to amend or supplement this list of legal issues as appropriate after discovery.

4. <u>Motions</u>
*All prior and pending motions, their current status, and any anticipated motions.*

### **<u>Plaintiffs' Pending & Anticipated Motions:</u>**

On June 24, 2014, Plaintiffs filed a Motion for FLSA Conditional Certification and Notice Pursuant to 29 U.S.C. § 216(b) seeking to conditionally certify an FLSA collective action and for notice to a putative opt-in class of all current and former non-exempt Wells Fargo employees nationwide who at any time in the last three years recorded one or more breaks of 20 minutes or less in duration for which they were not paid regular wages and/or overtime compensation. [Doc. 36].   Plaintiffs noticed the hearing for the motion for conditional certification for July 30, 2014.  Thereafter, the Court entered an Order vacating the hearing date and finding that further briefing on the motion should be stayed as the parties have not yet appeared for the initial case management conference and no pretrial schedule has

been set.  [Doc. 37]  The Court further ordered that a new schedule will be imposed at the July 24, 2014 initial case management conference. *Id*.

Plaintiffs anticipate filing a Fed. R. Civ. P. 23 class action motion on  state law claims. Plaintiffs also anticipate filing a motion for summary judgment with respect to federal and state law claims.

**Defendants' Pending & Anticipated Motions:**

Defendants expect to file a dispositive motion as to Plaintiffs' Second Cause of Action, "Claims Against Wells Fargo For Failure to Pay for Recorded Breaks of 20 Minute or Less In Violation of the FLSA."  Defendants may also file motions for summary judgment with respect to Plaintiffs' other claims, a motion to decertify any collective action or Rule 23 class that may be certified by the Court, a motion requiring Plaintiffs to file a trial plan, and a motion for a protective order governing production of confidential information.

5.  Amendment of Pleadings
*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

Plaintiffs propose a deadline for any motion to further amend to the complaint of 4 months after a ruling on Plaintiff's Motion for FLSA Conditional Certification and Notice Pursuant to 29 U.S.C. § 216(b). [Doc. 36].

Defendants object to Plaintiffs' proposal as excessive and propose a deadline of 30 days from the date of the Court's Case Management Order.

6.  Evidence Preservation
*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties have reviewed the ESI Guidelines, and have taken reasonable and proportionate steps to preserve evidence in their possession, custody, or control.  Plaintiffs

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER - CASE NO. C 14-00989 PJH
17589946v.1

have sent Defendants correspondence regarding preservation of both hard copy documents and ESI, including, but not limited to, e-mails, time records, pay records, and personnel files since March 3, 2008.

Defendants have informed Plaintiffs that they are taking reasonable steps to preserve relevant information, including issuance of litigation hold instructions, identification of key individuals, preservation of Plaintiffs' e-mails, time records, pay records, and personnel files. Defendants also informed Plaintiffs of their duty to preserve relevant information.

The parties will meet and confer regarding the identification, preservation, and potential production of Plaintiffs' e-mail data in hopes of reaching early agreement on the scope of both parties' preservation obligations and related production issues without Court intervention.

## 7. Disclosures
*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

The parties have agreed to exchange initial disclosures by **August 21, 2014**.

## 8. Discovery
*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

The subjects on which the parties currently anticipate that discovery will be needed are described in section 2, above.  The parties have not yet discussed entering into a stipulated e-discovery order.

The parties currently do not anticipate any changes to the generally applicable federal discovery rules, except that Defendants will seek depositions of each Plaintiff and some or all opt-in plaintiffs and putative class members, which will exceed the 10 authorized by the Federal Rules of Civil Procedure, subject to further meet and confer.  Plaintiffs likewise anticipate that the number of depositions taken by Plaintiffs' counsel will exceed 10 depositions.

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER - CASE NO. C 14-00989 PJH
17589946v.1

Currently, there are no pending discovery disputes and it is premature to determine if there will be discovery disputes in the future The parties reserve the right to seek additional discovery-related orders from the Court under Rule 26(c), 16(b) and/or 16(c).

**Plaintiffs' discovery taken to date**:

Plaintiffs have served on Defendants requests for production of documents.  Defendants have produced some pay records, time records and personnel records for Plaintiffs, as well as some of Defendants' employee handbooks for the relevant years.  Plaintiffs' will meet and confer with Defendants to identify the additional pay records and time records and other documents that have not been produced that are responsive to Plaintiffs' requests.   Plaintiffs anticipate that they will take the depositions of certain corporate agents and Rule 30(b)(6) corporate representatives, as well as persons identified who have knowledge of relevant facts in the course of discovery.

**Defendants' discovery taken to date:**

Defendants have served Plaintiffs with Interrogatories and Requests for Production of Documents.  Plaintiffs have produced approximately 66 pages of documents in response to Defendants' Requests for Production of Documents.  Defendants will meet and confer with Plaintiffs to identify any incomplete responses or outstanding document requests, and they will also meet and confer regarding electronic discovery, including the form or forms in which such discovery should be produced.  Defendants anticipate taking the depositions of each of the Plaintiffs, as well as some or all opt-in plaintiffs and/or putative class members.

**Plaintiffs' Additional Contentions:**

a. **Plaintiffs state that Discovery is Not Necessary for the Court to Rule on Plaintiffs' Pending Motion for FLSA Conditional Certification.**

Plaintiffs' Motion for FLSA Conditional Certification and Notice has been filed and is pending.  Plaintiffs seek FLSA conditional certification and notice with respect to Wells Fargo

non-exempt employees who <u>recorded</u> short breaks of 20 minutes or less for which they were not compensated.  Pursuant to written requests from Plaintiffs, Defendants have produced some of Plaintiffs' time records, pay records and personnel information such as dates of employment. No further discovery is necessary or required in order for this Court to rule on Plaintiffs' Motion for FLSA Conditional Certification.  In fact, Defendants have not identified any discovery that they might conduct that would be relevant in responding to Plaintiffs' motion for FLSA conditional certification.  The only issue at the FLSA conditional certification stage is whether the class members are "similarly situated."  All non-exempt employees who have recorded, uncompensated short breaks of 20 minutes or less within the statutory period are "similarly situated" for purposes of certification and notice.

Plaintiffs bear a "very light burden in substantiating [their] allegations" that the collective action members are "similarly situated" for purposes of FLSA conditional certification.  *Prentice v. Fund for Public Interest Research, Inc.*, No. C-06-7776 SC, 2007 WL 2729187, at *2 (N.D. Cal. Sept. 18, 2007).   This "very light burden" is partly due to the fact that "a motion for conditional certification usually comes before much, if any, discovery, and is made in anticipation of a later more searching review."  *Id.*

In fact, courts have denied defendants' motions to compel discovery before ruling on a motion for conditional certification, and a defendant's submission of competing evidence in opposing conditional certification is rarely even considered.  *Wellens v. Daiichi Sankyo Inc.*, No. C-13-00581 DMR, 2014 WL 1422979, at *2 (N.D. Cal. Apr. 11, 2014) (court denied defendant's motion to compel discovery reasoning that "[s]ome courts have declined to consider evidence offered by defendants in opposition to a plaintiff's motion for conditional class certification.").

Furthermore, several courts within this district have conditionally certified cases where little to no discovery has been conducted and where the court does not consider competing evidence submitted in opposition to a motion for conditional certification.  *See Sanchez v.*

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER - CASE NO. C 14-00989 PJH
17589946v.1

*Sephora USA, Inc.*, No. 11-03396 SBA, 2012 WL 2945753, at *3-4 (N.D. Cal. July 18, 2012) (court conditionally certified FLSA class and held that defendant's competing declarations were inappropriate because "evidence from the employer is not germane at the first state of the certification process."); *Luque v. AT&T Corp.*, No. C 09-5885 CRB, 2010 WL 4807088, at *5 (N.D. Cal. Nov. 19, 2010) (disregarding thirty declarations from other field managers submitted by defendants in opposition to motion for conditional certification); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 772 F.Supp.2d 1111, 1116-17 (N.D. Cal. 2011) (Prior to discovery, the Court granted plaintiff's motion for conditional certification.).

**b. Plaintiffs Assert that Merits discovery is not appropriate prior to the Court's ruling on FLSA conditional certification.**

Moreover, merits discovery is also not appropriate at this stage of the case. *It is well settled law in this District that the relevant inquiry on conditional certification does not include an examination of the merits of the plaintiff's FLSA claims. Id.; Centurioni v. City and Cnty. of San Francisco*, No. C 07-01016 JSW, 2008 WL 295096, at *2 (N.D. Cal. Feb. 1, 2008) ("[a]t this state, courts do not consider the merits of the claims."); *Kairy v. Supershuttle Int'l, Inc.*, No. C 08-02993 JSW, 2009 WL 1457971, at *2 (N.D. Cal. May 21, 2009) ("Under this first step, courts do not consider the merits of the claims."). Issues that go to the merits of the claims are better reached at the second stage on a motion to decertify or a motion for summary judgment after discovery has closed. *Helton*, 2012 WL 2428219, at *5; *Mowdy v. Beneto Bulk Transp.*, No. C 06-05682 MHP, 2008 WL 901546, at *6 (N.D. Cal. Mar. 31, 2008) ("[T]hese questions also go to the merits and are better reached at the later stage of final certification."); *Santiago v. Amdocs, Inc.*, No. C 10-4317 SI, 2011 WL 6372348, at *6 (N.D. Cal. Dec. 19, 2011) ("[t]hese arguments go to the merits and are better addressed after discovery has closed in a motion to

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER - CASE NO. C 14-00989 PJH
17589946v.1

decertify or a motion for summary judgment.").  "Even if it turns out that Plaintiffs cannot prevail on their FLSA claim . . . a collective action should still be certified if they are similarly situated."  *Stanfield v. First NLC Fin. Servs., LLC*, No. C 06-3892 SBA, 2006 WL 3190527, at *4 (N.D. Cal. Nov. 1, 2006).

For example, this Honorable Court, in *Labrie v. UPS Supply*, disregarded defendant's evidence in ruling on plaintiff's motion for conditional certification because the evidence went to the merits of plaintiffs' claims.  *Labrie v. UPS Supply Chain Solutions, Inc.*, No. C08-3182 PJH, 2009 WL 723599, at *7 (N.D. Cal. Mar. 18, 2009).  Accordingly, this Court should not consider any arguments made by Defendants that go to the merits of Plaintiff's claims in opposing the instant motion for conditional certification.

While examination of the merits should not be considered, the Ninth Circuit has nonetheless held that short breaks of 20 minutes or less must be compensated as work time under the FLSA.  *Rother v. Lupenko*, 515 F.App'x 672, 674-75 (9th Cir. 2013) ("[I]t is the general rule under federal law that breaks of less than thirty minutes are compensable."); *Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 914 n. 18 (9th Cir. 2004) (20 minute breaks were to be counted as hours worked under the FLSA).

**c.  Plaintiffs Assert That Merits discovery should commence after the Court rules on FLSA conditional certification.**

Once the Court rules on FLSA conditional certification, merits discovery should commence in this matter.  After a sufficient amount of discovery has been conducted, Plaintiffs anticipate filing a motion for Rule 23 class action certification on various state law claims.  The discovery period should also allow sufficient time for expert witness discovery after experts have been designated.

**d. Plaintiffs Proposed Discovery Plan pursuant to Rule 26(f)(3):**

- Deadline for non-expert discovery: 12 months after a ruling on Plaintiffs' Motion for FLSA Conditional Certification and Notice;

- Deadline for expert discovery: 14 months after a ruling on Plaintiffs' Motion FLSA Conditional Certification and Notice;

- Plaintiffs reserve the right to seek additional discovery-related orders from the Court under Rule 26(c), 16(b) and/or 16(c).

**<u>Defendants' Additional Contentions:</u>**

Defendants request that the Court permit phased discovery in this case. Specifically, Defendants maintain that there should be separate phases for discovery related to conditional and class certification, respectively, followed by discovery related to the merits of Plaintiffs' claims, followed by expert discovery.

Defendants seek a 90-day period in which to take the depositions of the thirteen named plaintiffs prior to responding to Plaintiffs' Conditional Certification Motion in order to determine whether they are similarly situated to the putative collective. Whether to permit pre-certification discovery "lies within the sound discretion of the trial court." *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1312 (9th Cir. 1977) (citing *Berland v. Mack*, 48 F.R.D. 121, 126 (S.D.N.Y.1969). A number of courts, including several within this district, have permitted the parties to take discovery prior to considering conditional certification. S*ee Green v. Harbor Freight Tools USA, Inc.*, 2010 WL 686263 (D.Kan. Feb. 23, 2010) (granting defendants' request to depose four opt-in plaintiffs prior to conditional certification); *Lewis v. Wells Fargo & Co*., 669 F. Supp. 2d 1124 (N.D.Cal.2009) (on motion for conditional class certification, considering evidence from both plaintiffs and defendant, including deposition testimony and declarations from opt-in plaintiffs submitted by plaintiffs ); *Velasquez v. HSBC Finance Corp.*, 266 F.R.D. 424, 428 (N.D.Cal.2010) (citing to deposition testimony of putative class members submitted by plaintiffs in decision to deny conditional class certification).

Moreover, in this matter discovery is particularly necessary because Plaintiffs seek certification of a vast putative collective of 150,000 individuals, which if improperly certified would pose an excessive and undue burden on Defendants and this Court.  In addition, Plaintiffs seek to utilize extensive deposition testimony and information produced in prior cases they have litigated against Defendants in support of their conditional certification.  *See* Exhibit A to Plaintiffs' Motion for Conditional Certification. [Doc. 36] Defendants, on the other hand, are disadvantaged because they have no comparable information with respect to the Plaintiffs. Accordingly, the Court should permit Defendants to take the depositions of the thirteen named plaintiffs prior to deciding Plaintiffs' conditional certification motion.  The Court should then also hold a status conference and set a phased schedule for the remainder of discovery after ruling on the conditional certification motion.  .

9.  Class Actions
*If a class action, a proposal for how and when the class will be certified.*

**Plaintiffs' Proposal:**

On June 24, 2014, Plaintiffs filed a Motion for Rule 216(b) Conditional Certification of their Fair Labor Standards Act claims. With respect to the Rule 23 class actions on state law claims, Plaintiffs anticipate a brief period of discovery relating to class certification issues prior to filing their motion for Rule 23 class action certification on state law claims.

Plaintiffs propose the following briefing schedule:

With respect to Plaintiffs' pending Motion for FLSA Conditional Certification and Notice:

1.      Defendants' response will be due on or before:  August 15, 2014

Plaintiffs' reply will be due on or before August 29, 2014

Hearing date:  September 10, 2014

With respect to Plaintiffs' Rule 23 class action certification motion:

Plaintiffs' motion will be due on or before:  January 30, 2015

Defendant response will be due on or before:  February 13, 2015

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER - CASE NO. C 14-00989 PJH
17589946v.1

Plaintiffs' reply will be due on or before: February 20, 2015

Hearing date:  March 4, 2015

**Defendants' Proposal:**

Defendants propose a schedule for conditional certification that includes an approximately 90-day discovery period in which they may depose Plaintiffs for the purpose of determining whether they are similarly situated to the putative collective, after which Defendants will have approximately 30 days to file an opposition, and Plaintiffs will subsequently have approximately 30 days to file a Reply, to be followed by a hearing at the Court's convenience, as reflected in the schedule stated in Defendants' proposal in section 17, below.

Defendants believe  that it is premature to determine a schedule for discovery and briefing on Rule 23 certification, merits discovery, expert discovery, or dispositive motions at this time, and request that the Court schedule a status conference after conditional certification has been decided for that purpose.


10.  Related Cases

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

**Plaintiffs' Contention**:

*Vangelakos v. Wells Fargo Bank, N.A.*, No. 1:13-cv-06574-PKC is pending in the Southern District of New York.  *Vangelakos* involves the claims of four individual plaintiffs who were financial specialists/personal bankers at Wells Fargo who assert individual claims for off-the-clock violations and uncompensated breaks of 20 minutes of less in violation of New York Labor Laws and the FLSA.  Discovery has concluded in the *Vangelakos* matter and the case has been set for a jury trial next month—in August 2014.

Additionally, Plaintiffs' counsel are aware of the following cases that were previously filed and settled by Defendants with respect to off-the-clock claims brought by financial specialists,

personal bankers, and tellers; none of these cases alleged violations for Defendants' failure to compensate them for short breaks of 20 minutes or less:

- *Switzer, et al. v. Wachovia Corporation*, *et al.*, No. 4:11-cv-01604, In the United States District Court for the Southern District of Texas, Houston Division (2011) (off-the-clock claims by financial specialists; case settled by Defendants).

- *Richardson, et al v. Wells Fargo Bank, N.A.*, No. 4:11-cv-00738, In the United States District Court for the Southern District of Texas, Houston Division (2011) (off-the-clock claims by personal bankers; case settled by Defendants).

- *Aaron McNeill, et al. v. Wells Fargo Bank, N.A.*, No. 4:11-cv-01400; In the United States District Court for the Southern District of Texas, Houston Division (2011) (off-the-clock claims by tellers; case settled by Defendants).

- *LaDonna McNeill, et al.* v. *Wachovia Corporation, et al.*, No. 4:11-cv-01401, In the United States District Court for the Southern District of Texas, Houston Division (2011) (off-the-clock claims by tellers; case settled by Defendants).

- *Fernandez, et al. v. Wells Fargo Bank, N.A., et al.*, No. 12-cv-7193, In the United States District Court for the Southern District of New York (2012) (off-the-clock claims by personal bankers; case settled by Defendants).

- *Scutts, et al. v. Wachovia Corporation, et al.*, No. 12-cv-7194, In the United States District Court for the Southern District of New York (2012) (off-the-clock claims by personal bankers; case settled by Defendants).

Here, Plaintiffs seek FLSA conditional certification on the sole issue of Defendants' failure to pay its employees for <u>recorded</u> short breaks of 20 minutes or less in violation of the FLSA. Plaintiffs do not seek certification of off-the-clock claims. No other court has previously considered or ruled on whether a FLSA collective action should be certified with respect to the recorded, uncompensated short breaks of 20 minutes or less in duration of Defendants' employees.

**Defendants' Contentions**:

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER - CASE NO. C 14-00989 PJH
17589946v.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This is the eighth lawsuit Plaintiffs' counsel have filed against Defendants asserting the same generic off-the-clock claims asserted by the individual Plaintiffs in this case. Plaintiffs' counsel sought conditional certification on behalf of the plaintiffs in four of these cases, and in each of those cases, the court denied conditional certification:

1.  <u>Filed March 2, 2011</u>: *Richardson v. Wells Fargo Bank, N.A.*; No. 11-CV-00738; In the United States District Court for the Southern District of Texas. This case sought certification of a nationwide collective action of Wells Fargo Personal Bankers. The plaintiffs' filed their motion for conditional certification on November 14, 2011 alleging that Wells Fargo required Personal Bankers to work off the clock and without compensation. (Dkt. 33.) The court denied conditional certification on February 2, 2012. (Dkt. 53.)

2.  <u>Filed April 27, 2011</u>: *Switzer v. Wachovia Corporation*; No. 11-CV-01604; In the United States District Court for the Southern District of Texas. This case sought certification of a nationwide collective action of Wachovia Financial Specialists. The plaintiffs' filed their motion on October 14, 2011 alleging that Wachovia required Financial Specialists to work off the clock and without compensation. (Dkt. 24.) The court denied conditional certification on April 12, 2012. (Dkt. 55.)

3.  <u>Filed September 24, 2012</u>: *Fernandez v. Wells Fargo Bank, N.A.*; No. 12-CV-7193 (PKC); In the United States District Court for the Southern District of New York. This was designated a complex case seeking class certification for Wells Fargo Personal Bankers in the state of New York and collective-action certification for Wells Fargo Personal Bankers in the Northeast Region. Plaintiffs' filed their motion on February 8, 2013 alleging that Wells Fargo required Personal Bankers to work off the clock and without compensation. (Dkt. 32) The court denied class and conditional certification on August 28, 2013. (Dkt. 65.)

4.  <u>Filed September 24, 2012</u>: *Scutts v. Wachovia Corporation*; No. 12-CV-7194 (PKC); In the United States District Court for the Southern District of New York. This was designated a complex case seeking class certification for Wachovia Financial Specialists in the state of New York and collective-action certification for Wachovia Financial Specialists in the Northeast Region. Plaintiffs' filed their motion on February 8, 2013 alleging that Wachovia required Financial Specialists to work off the clock and without compensation. (Dkt. 30) The court denied class and conditional certification on August 28, 2013. (Dkt. 59.)

Defendants contend that Vangelakos et al v. Wells Fargo Bank, N.A. et al, No. 1:13-cv-06574-PKC, pending in the United States District Court for the Southern District of New York is a related case. Before filing this case, Plaintiffs' counsel filed the Vangelakos case asserting

Page **21** of **30**

the same nationwide 20 minute break allegations that are also alleged in this case.   Plaintiffs'
counsel amended the complaint in the Vangelakos case to remove the nationwide allegations
before filing this case. The individual plaintiffs that remain in the Vangelakos case are still
asserting individual FLSA and New York State law based 20 minute break claims.

11. <u>Relief</u>

*All relief sought through complaint or counterclaim, including the amount of any damages sought
and a description of the bases on which damages are calculated. In addition, any party from whom
damages are sought must describe the bases on which it contends damages should be calculated
if liability is established.*

Plaintiffs state as follows with respect to the relief they seek:

The calculation of damages for Plaintiffs include without limitation:

a.  Overtime wages under the FLSA: 1.5 times Plaintiffs' regular rates of pay for all
    hours worked in excess of 40 hours in a work week.  Plaintiffs' regular rates of pay
    includes all wages, including bonuses and shift differentials.

b.  Overtime wages under California state law: 1.5 times Plaintiffs' regular rates of pay
    for all hours worked in excess of 40 hours in a work week or in excess of 8 hours in
    a workday and 2.0 times Plaintiffs' regular rates of pay for all hours worked after
    eight (8) hours of the seventh day of any work week or twelve (12) hours in any
    work day.  Plaintiffs' regular rates of pay includes all wages, including bonuses and
    shift differentials.

c.  Minimum wages, regular wages and/or overtime wages for recorded breaks of 20
    minutes or less in duration under California and New York state law.

d.  Minimum wages, regular wages and/or overtime wages for recorded breaks of 20
    minutes or less in duration under the FLSA.

e.  Minimum wages, regular wages and/or overtime wages for meal periods of at least
    30 minutes in duration per five (5) hour work period that Plaintiffs were entitled to,
    but Defendants failed to provide, under California state law.

f.  One hour of regular pay for each work day that Plaintiffs were not provided rest
    period time per four hours of work under California state law.

g.  Minimum wages, regular wages and/or overtime wages for recorded meal breaks of less than 30 minutes in duration under California and New York state law.

h.  Minimum wages, regular wages and/or overtime wages for recorded meal breaks of less than 30 minutes in duration under the FLSA.

i.  Waiting time penalties under California state law.

j.  Breach of Contract damages for failing to pay for non-bona fide meal periods under California and Texas state law.

k.  Liquidated damages: equal to the amount of unpaid wages and overtime wages (under applicable state law and the FLSA)

l.  Liquidated damages equal to 25% of wages owed, including unpaid wages and unpaid overtime, for the period prior to April 9, 2011 and 100% of wages owed from April 9, 2011 forward under New York state law.

m.  Pre-judgment & Post-judgment Interest: at the prevailing legal rate.

n.  Attorney's fees: Plaintiff has agreed to a 40% contingency fee.  The amount of attorneys' fees will be based on the contingency fee agreement or an amount awarded by the Court.

o.  Expert witness fees, costs and other recoverable litigation expenses: based on amount incurred."

Plaintiffs reserve the right to amend the categories and amount of damages sought in this matter.

Defendants deny all of Plaintiffs' allegations and further deny that Plaintiffs or any other putative class/collective action members are entitled to any damages in this lawsuit.

12.  <u>Settlement and ADR</u>
*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties met and conferred concerning settlement before the case was filed. The parties are also in compliance with ADR L.R. 305, as they have filed their Stipulation and [Proposed] Order Selecting ADR Process (Dkt. No. 25) stating that they believe this case will be ripe for private nonbinding mediation by December 31, 2014, and they have also ADR certifications with the Court (Dkts. Nos. 27-28).

13. Consent to Magistrate Judge For All Purposes

*Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

The parties do not agree to proceed before a magistrate judge for all further proceedings.

14. Other References

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multi-District Litigation at this time.

15. Narrowing of Issues

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

The parties anticipate that the legal and factual issues may be narrowed before trial either by motion or stipulated facts. The parties reserve the right to file the motions described in section 4, above.

As discussed in section 8, above, Defendants request that the Court permit phased discovery in this case. Plaintiffs disagree and describe their proposed discovery plan in Section 8 above.

16. Expedited Trial Procedure

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an*

*executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

The parties do not agree to proceed using Expedited Trial Procedures.

17. <u>Scheduling</u>

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

**<u>Plaintiffs' Proposal:</u>**

<u>Designation of Experts:   9 months</u> after a ruling on Plaintiff's Motion for FLSA Conditional Certification and Notice Pursuant to 29 U.S.C. § 216(b). [Doc. 36];

<u>Cut-off date for non-expert discovery: 12 months</u> after a ruling on Plaintiff's Motion for FLSA Conditional Certification and Notice Pursuant to 29 U.S.C. § 216(b). [Doc. 36];

<u>Cut-off date for expert discovery: 12 months</u> after a ruling on Plaintiff's Motion for FLSA Conditional Certification and Notice Pursuant to 29 U.S.C. § 216(b). [Doc. 36]:  .

<u>Cut-off date for hearing dispositive motions: 14 months</u> after a ruling on Plaintiff's Motion for FLSA Conditional Certification and Notice Pursuant to 29 U.S.C. § 216(b). [Doc. 36];

<u>Pre-trial conference:  17 months</u> after a ruling on Plaintiff's Motion for FLSA Conditional Certification and Notice Pursuant to 29 U.S.C. § 216(b). [Doc. 36];

<u>Trial Date:  18 months</u> after a ruling on Plaintiff's Motion for FLSA Conditional Certification and Notice Pursuant to 29 U.S.C. § 216(b). [Doc. 36].

**<u>Defendants' Proposal:</u>**

Defendants request that the Court permit phased discovery in this case. Specifically, the parties maintain that there should be separate phases for discovery related to conditional and class certification, respectively, followed by discovery related to the merits of Plaintiffs' claims. Defendants request that the Court enter the following proposed dates class and collective action certification briefing and discovery.

- Conditional certification discovery ends: October 24, 2014;
- Defendants' response in opposition to Plaintiffs' motion for conditional certification due: November 24, 2014; and

- Plaintiffs' reply in support of their motion for conditional certification due: December 21, 2014.

Defendants believe that it is premature to schedule additional dates, such as deadlines for dispositive motions, deadlines for additional phases of discovery, or trial until after Plaintiffs' motion for conditional certification has been resolved. Accordingly, Defendants suggest that a case management conference covering the designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial dates be scheduled approximately one month after the Court decides Plaintiffs' motions for conditional certification.

In the event that the Court is inclined to set a schedule beyond the conditional certification stage, Defendants propose the following:

- Class/fact discovery deadline: 12 months

- Plaintiff's Motion for class certification deadline: 2 months after end of class/fact discovery

- Defendants' Opposition to class certification deadline: 2 months after motion for class certification

- Plaintiffs' Reply to opposition deadline: 1 month after Defendants' opposition

- Plaintiffs' Designation of Experts deadline: 1 month after end of class/fact discovery

- Defendants' Designation of Experts deadline: 1 month after Plaintiffs' expert designation

- Expert discovery deadline: 3 months after defendants' expert designation

- Dispositive motion deadline: 3 months after the end of expert discovery

- Pretrial conference: scheduled by the Court after rulings on dispositive motions

- Trial: to be scheduled by the Court

18. <u>Trial</u>

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

       The parties cannot reasonably estimate the length of trial until discovery has been completed and the Court has ruled on FLSA conditional certification and Rule 23 class certification motions.  Defendants also state that they cannot estimate the length of trial until Plaintiffs have filed a comprehensive trial plan.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

       Plaintiffs have completed their "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  Defendants have also complied with the requirements of Rule 7.1 of the Federal Rules of Civil Procedure and Civil L.R. 3-16.  (See Dkt. 21.)  Defendants further certify that no other persons, firms, partnerships, corporations (including parent corporations) or other entities known by Defendants has either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. <u>Other</u>

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

       The parties are not aware of any other matters at this time conducive to the just, speedy, and inexpensive resolution of this matter.  The parties reserve the right to revise their responses to the matters in this Case Management Statement & [Proposed] Order and to request amendments as the circumstances of the case may require.

Dated:  10/17/2014

SEYFARTH SHAW LLP

_____

Page **27** of **30**

Christian J. Rowley
Timothy M. Watson
Richard L. Alfred
Attorneys for Defendants
WELLS FARGO & COMPANY, WELLS
FARGO BANK, N.A., WFC HOLDINGS
CORPORATION, WACHOVIA
CORPORATION, and WACHOVIA BANK,
N.A

PADILLA & RODRIGUEZ, L.L.P. & WILLS
LAW FIRM, PLLC

Dated: 7/17/2014

/s/ Rhonda H. Wills

John M. Padilla
Rhonda H. Wills
Jose Moises Cedillos
Attorneys for Plaintiffs and the Putative Class

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER - CASE NO. C 14-00989 PJH
17589946v.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

In accordance with Civil Local Rule 5-5(a), I, the undersigned counsel, under penalty of perjury, certify pursuant to 28 U.S.C. § 1746, that the foregoing document is being electronically filed with the Clerk of the Court by using the CM/ECF system, which will in turn send a notice of the electronic filing to all counsel of record on this 17th day of July, 2014.

/s/ Rhonda H. Wills
Rhonda H. Wills

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER - CASE NO. C 14-00989 PJH
17589946v.1

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____        _____
                                              UNITED STATES DISTRICT JUDGE

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER - CASE NO. C 14-00989 PJH
17589946v.1