UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MONIQUE PEREZ, et al.,

    Plaintiffs,

    v.

WELLS FARGO AND CO., et al.,

    Defendants.
_____/

No. C 14-0989 PJH

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

    Before the court is the motion of defendants Wells Fargo & Company, Wells Fargo Bank, N.A., WFC Holdings Corporation, Wachovia Corporation, and Wachovia Bank, N.A. ("Wells Fargo") for judgment on the pleadings on the first two causes of action asserted in the complaint. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion as follows.

## BACKGROUND

    This is a wage-and-hour case filed as a proposed class and collective action. Plaintiffs assert claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), the California Labor Code, California Business & Professions Code § 17200, California common law, and Texas and New York law. The original complaint was filed on March 3, 2014, and the first amended complaint ("FAC") was filed on March 28, 2014.

    The twelve named plaintiffs allege that they were employed by Wells Fargo as non-exempt employees in California (three plaintiffs), Texas (two plaintiffs), Florida (one

plaintiff), New York (seven plaintiffs), New Jersey (one plaintiff, also one of the seven employed in New York). A group of eight of the twelve named plaintiffs are identified in the FAC as the "FLSA plaintiffs" – Monique Perez, Porcelynne Hawthorne, Thaxton V. Rowe Jr., Corra A. Williams, Karla P. Salazar, John Sorocenski, John K. Lynch, and Sona K. Anand.

In the first cause of action, the FLSA plaintiffs assert individual "off-the-clock" claims for FLSA violations. FAC ¶ 118. They allege that Wells Fargo "failed and refused to pay overtime compensation and/or minimum wages . . . in violation of the FLSA." FAC ¶ 125; see also FAC ¶ 57 (allegation that plaintiffs "were not paid regular wages and/or overtime compensation"); ¶ 66 (allegation that plaintiffs "were not paid regular wages and/or overtime wages"). Plaintiffs do not state as to each individual plaintiff what type of "off-the-clock" work he/she allegedly performed, and do not provide any other factual details. Rather, they simply provide "examples" of "off-the-clock" work they claim (as a group) that they performed. See FAC ¶ 116.

In the second cause of action, which is pled as an FLSA collective action claim, the FLSA plaintiffs allege that Wells Fargo failed to pay for recorded breaks of 20 minutes or less as required by the FLSA. FAC ¶¶ 132-136. The FAC defines the FLSA collective action as including

> [a]ll current and former non-exempt Wells Fargo employees nationwide who at any time during the three years preceding the filing of this lawsuit through the date of disposition of, or judgment in, this action, recorded one or more breaks of 20 minutes or less in duration for which they were not paid regular wages and/or overtime compensation.

FAC ¶ 67. The FLSA plaintiffs assert that Wells Fargo "was advised and made aware that it must pay its non-exempt employees for breaks of 20 minutes or less in duration," and that Wells Fargo "was aware that its time system and pay system did not pay for recorded breaks regardless of length." FAC ¶¶ 134-135.

Plaintiffs assert that this conduct constitutes a "willful" violation of the FLSA for purposes of 29 U.S.C. § 255(a) (providing for a three-year statute of limitations for willful failure to pay minimum wages or overtime compensation, as opposed to usual two-year

limitations period).  Again, however, there are no facts alleged as to the named plaintiffs.

On June 24, 2014, the FLSA plaintiffs filed a motion to conditionally certify a nationwide FLSA collective action, noticing the hearing for July 30, 2014.  On June 26, 2014, the court issued an order staying the briefing on the motion pending the July 24, 2014 CMC.  At the CMC, the court terminated the certification motion, and ordered the parties to meet and confer regarding the proposed amended complaint plaintiffs had indicated they planned on filing.  The court also set a briefing schedule for the certification motion.  Plaintiffs filed the certification motion as directed on August 1, 2014.  However, they did not file a second amended complaint.

On October 27, 2014, before its opposition to the certification motion was due, Wells Fargo filed the present motion for judgment on the pleadings as to the first and second causes of action (the two FLSA claims).  That motion was noticed for hearing on December 17, 2014.  At Wells Fargo's request, the hearing date on the certification motion was continued one week, to the same date as the hearing on the motion to dismiss.

Wells Fargo seeks judgment on the pleadings as to both FLSA causes of action, arguing that neither states a claim.

**DISCUSSION**

A.  Legal Standard

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings "challenges the legal sufficiency of the opposing party's pleadings." William Schwarzer et al, Federal Civil Procedure Before Trial ¶ 9:316 (2014).  The legal standards governing Rules 12(c) and 12(b)(6) are "functionally identical," Calfasso, U.S. ex rel. v. General Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011), as both permit challenges directed at the legal sufficiency of the parties' allegations.  Thus, a judgment on the pleadings is appropriate when the pleaded facts, accepted as true and viewed in the light most favorable to the non-moving party, entitle the moving party to a judgment as a matter of law.  Hoeft v. Tucson Unified Sch. Dist., 967 F.2d 1298, 1301 (9th Cir. 1992); see

also Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009).

The standard articulated in Twombly and Iqbal applies equally to a motion for judgment on the pleadings. Chavez v. United States, 683 F.3d 1102, 1108-09 (9th Cir. 2012); Cafasso, 637 F.3d at 1054-55 & n.4; see also Lowden v. T-Mobile USA, Inc., 378 Fed. Appx. 693, 694, 2010 WL 1841891 at *1 (9th Cir., May 10, 2010) ("To survive a Federal Rule of Civil Procedure 12(c) motion, a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face'" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Indeed, "a plaintiff's obligations to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

B.   Defendants' Motion

Wells Fargo argues that the court should grant judgment on the pleadings as to the two FLSA causes of action, because the FAC fails to plead facts sufficient to state a plausible claim.

The provision of the FLSA that allows an employee to file a civil action against his/her employer is found at 29 U.S.C. § 216(b), which provides (in relevant part) that

> [a]ny employer who violates the provisions of section 206 [minimum wage provision] or section 207 [maximum hours/overtime pay provision] of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b). Thus, the only claims that are actionable under the FLSA are claims that the employer failed to pay the federal minimum wage, and claims that the employer failed to pay overtime when the employee worked more than 40 hours in a given week. See 29 U.S.C. § 216(b) (employer who violates § 206 (requiring payment at federal minimum wage) or § 207 (requiring payment of 1 1/2 times regular rate for work in excess

4

of 40 hours per week) "shall be liable to employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . ").

Wells Fargo contends, with regard to both causes of action, that the FLSA plaintiffs have not stated a claim under the FLSA because none of the plaintiffs alleges that his/her pay for a work week was less than the federal minimum wage, and because none of the plaintiffs alleges that he/she was not paid overtime compensation. Wells Fargo asserts that the allegation that plaintiffs were not paid regular wages "and/or" overtime wages is insufficient to state a plausible claim under Twombly/Iqbal, because it asserts one of two possibilities.

In addition, with regard to the first cause of action – the individual "off-the-clock" claim(s) – Wells Fargo asserts that the claim is insufficiently pled because none of the FLSA plaintiffs states how often he/she performed off-the clock work, and does not allege whether the performance of this work was pre-shift, post-shift, during unpaid breaks, on weekends, or some combination.

With regard to the second cause of action, Wells Fargo contends that there are no allegations in the FAC as to how often the FLSA plaintiffs recorded breaks of 20 minutes or less, or were unpaid, or the circumstances of those breaks (if they occurred). Wells Fargo notes that the only allegation regarding frequency is the allegation that "[o]ver the last 3 years, more than 100 non-exempt Wells Fargo employees nationwide have at least one recorded break of 20 minutes or less in duration for which he/she was not compensated." FAC ¶ 58. Wells Fargo notes, however, that during that three-year period, it is alleged to have had more than 150,000 non-exempt employees (citing FAC ¶ 33).

Wells Fargo asserts that there are no allegations in the FAC about whether any of the plaintiffs' allegedly unpaid rest breaks or their alleged off-the-clock work occurred in weeks in which they worked at least 40 hours. For this reason, Wells Fargo contends that the FLSA claims fail as a matter of law because the FAC alleges only "pure gap time," which is not actionable under the FLSA.

"Gap time" refers to time that is not covered by the overtime provisions because the

5

time exceeds the employer's internal policy, but does not exceed the straight-time limits under the FLSA.  See Adair v. City of Kirkland, 185 F.3d 1055, 1062 (9th Cir. 1999).  There are two generally recognized types of "gap time" claims – claims in which the employee has not worked 40 hours in a given week, but seeks recovery of unpaid time worked ("pure gap time" claims), and claims in which an employee has worked over 40 hours in a given week but seeks recovery for unpaid time under 40 hours.

The circuit courts are split on whether the FLSA allows for gap time claims.  Of the courts that have addressed the issue, a majority have held that gap time claims are not available under the FLSA.  See Davis v. Abington Mem. Hosp., 765 F.3d 236, 244 (3rd Cir. 2014); Lundy v. Catholic Health Sys. of Long Is. Inc., 711 F.3d 106, 115 (2nd Cir. 2013) (citing United States v. Klinghoffer Bros. Realty Corp., 285 F.2d 487, 490 (2nd Cir. 1969)); Monahan v. County of Chesterfield, 95 F.3d 1263, 1280 (4th Cir. 1996); Hensley v. MacMillan Bloedel Containers, Inc., 786 F.2d 353, 357 (8th Cir. 1986).  Only one circuit court has held otherwise.  See Lamon v. City of Shawnee, 972 F.2d 1145, 1155 (10th Cir. 1992).

While the Ninth Circuit in Adair declined to address the issue (because the plaintiffs had failed to raise it below), it did acknowledge the circuit split, noting that "[i]t is not clear that a gap time claim may be asserted under the FLSA, as distinguished from whatever proceedings may be available for breach of contract or under the collective bargaining agreement."  Adair, 185 F.3d at 1062-63 (contrasting Lamon, 972 F.2d at 1155, with Monahan, 95 F.3d at 1282).  However, district courts in the Ninth Circuit that have considered the issue generally agree with the majority position that the FLSA does not provide for gap time claims.  See, e.g., Farris v. County of Riverside, 667 F.Supp. 2d 1151, 1161 (C.D. Cal. 2009); Maciel v. City of Los Angeles, 569 F.Supp. 2d 1038, 1055-56 (C.D. Cal. 2008); Abbe v. City of San Diego, 2007 WL 4146696, at *14 (S.D. Cal. Nov. 9, 2007).

In opposition, plaintiffs assert, first, that a Rule 12(c) motion for judgment on the pleadings is not appropriate once litigation has proceeded to the stage where an answer has been filed and discovery has progressed to include depositions.  They contend that a

6

core purpose of a 12(c) motion is to avert the necessity for discovery, and claim that allowing a 12(c) motion to proceed at this point would defeat this core purpose.

Second, plaintiffs argue that they have properly pled the FLSA claims. They assert that they are required to plead only that they were employed by the defendant, that they worked more than 40 hours in a week, and that they did not receive compensation in excess of the 40 hours. Plaintiffs contend that they have done this, by alleging (in the third cause of action for "off-the-clock" claims in violation of Cal. Labor Code §§ 510, 1194) that "[t]he California plaintiffs were regularly and consistently required to work more than (8) hours in any workday (sometimes exceeding 12 hours), and more than 40 hours in any work week and were not compensated for such work at premium rates" (quoting FAC ¶ 143); by alleging in the twelfth cause of action for "off-the-clock" claims in violation of New York law) that "[t]he New York [p]laintiffs regularly worked more than forty hours in a work week while working for [d]efendants" and "did not receive the New York statutory minimum wages or overtime compensation for all hours worked after the first forth hours in a work week" (quoting FAC ¶¶ 222-223).

Plaintiffs assert further that their FLSA claims are supported by factual allegations "setting out the uncompensated hours [p]laintiffs worked," including allegations that "[p]laintiffs were required to perform 'off-the-clock' work for which they were not compensated," FAC ¶ 112; that plaintiffs "spent time performing work before their scheduled shift, during lunch breaks and after their shift for which they were not compensated," FAC ¶ 113; and that plaintiffs "also spent time performing work on weekends for which they were not compensated," FAC ¶ 114.

Plaintiffs also claim that the FLSA allegations are supported by the assertions that Wells Fargo

> deliberately implemented a policy or practice with regard to [p]laintiffs whereby they worked overtime without being paid at the requisite statutory rate, as follows: (i) Plaintiffs generally were only paid for their scheduled shift time; (ii) Plaintiffs at times were not paid for work they performed before their scheduled shift began, during their unpaid meal periods, and after the end of their scheduled shifts; (iii) Plaintiffs were required to open the branch and close the branch, and they were not paid for this time when it was not

> included in their schedule, which was most of the time; and (iv) some of the Plaintiffs were required to spend time outside the branch and beyond their scheduled shift to market Defendants' financial products, and they were not paid for time spent performing these duties.

FAC ¶ 115.

Finally, plaintiffs note that they have provided "examples" of the "off-the-clock" work they claim they performed, which includes

> (i) arriving before opening the branch and waiting for another person to arrive before going in to open the branch and performing opening procedures; (ii) working during uncompensated lunch breaks to accommodate heavy traffic into the branch or telephone calls or other customer service requirements; (iii) staying late after the branch closed to accommodate customers in the branch or calling into the branch or other customer service requirements; (iv) staying late after the branch closed to attend to cash drawer balance or vault issues; (v) attending meetings and participating in conference calls during times outside of their work schedule; (vi) participating in call nights; and (vii) participating in marketing activities to promote Defendants' financial products.

FAC ¶ 116.

Plaintiffs contend that Wells Fargo has already "tested the veracity of these allegations" as it questioned each plaintiff extensively regarding their off-the-clock activities during their depositions. They argue that the allegations set forth above are sufficient to afford defendants fair notice of the claims being asserted against them.

With regard to Wells Fargo's argument regarding the "gap time" claims, plaintiffs respond that "the viability of a claim for straight time compensation under the FLSA for weeks in which an employee has worked overtime is recognized in the caselaw of multiple circuits, including the Ninth Circuit" (citing Donovan v. Chrisostomo, 689 F.2d 869, 876 (9th Cir. 1982); Gilmer v. Alameda-Contra Costa Trans. Dist., 2011 WL 5242977 at *14 (N.D. Cal. Nov. 2, 2011)). Plaintiffs assert that Wells Fargo's argument is therefore misplaced and "legally incorrect."

Plaintiff's final argument is that under 29 C.F.R. § 785.18, the FLSA requires that non-exempt workers be compensated for breaks of 20 minutes or less in duration. They claim that this directive is not qualified by a requirement that the employee be only compensated for rest periods in weeks in which he/she works overtime hours. They claim that no court has ever held that rest breaks are compensable only for work in weeks in

8

which the employee works overtime hours.

The court finds that the motion must be GRANTED. First, plaintiffs' argument that a Rule 12(c) motion is untimely here or otherwise inappropriate is without merit. By its terms, a Rule 12(c) motion must be brought "early enough not to delay trial." In order to determine whether something causes a "delay" in the trial, there must be a trial schedule set, which means that a Rule 16(b) scheduling order must have been issued. See Schwarzer, et al., § 9:326. Here, the court has conducted an initial CMC and set a schedule for the collective action certification motion. No trial schedule has been set. Plaintiffs' claim that a Rule 12(c) motion is not appropriate where there has been substantial discovery does not appear to be supported by Rule 12(c), and in any event, presumably the only discovery taken to date is discovery pertaining to the FLSA collective action certification. Thus, the Rule 12(c) motion is not untimely.

As for whether the FLSA causes of action state a claim, the court notes that plaintiffs assert in their opposition that their two FLSA claims "are for unpaid overtime (first cause of action) and unpaid short breaks (second cause of action)." See Opp. at 12. The court finds that under Landers v. Quality Commc'ns, Inc., 771 F.3d 638 (9th Cir. 2014), the first cause of action fails to state a claim for unpaid overtime. In that case, the Ninth Circuit noted that "[p]re-Twombly and Iqbal, a complaint under the FLSA for minimum wages or overtime wages merely had to allege that the employer failed to pay the employee minimum wages or overtime wages." Id. at 641. However, the court ruled, post-Twombly and Iqbal, in order to survive a motion to dismiss, a plaintiff asserting an FLSA claim to overtime payments must allege that she worked more than 40 hours in a given week without being compensated for the overtime hours worked during that workweek. Id. at 644-45.

Landers, the plaintiff in the case, had alleged that he was employed by defendant Quality in its cable television, phone, and internet service business as a cable services installer; that his employment was subject to the FLSA's minimum wage and overtime pay requirements; that he was not paid at the minimum wage; and that he was subjected to a

9

"piecework, no overtime" wage system, whereby he worked in excess of forty hours per week without being compensated for his overtime. Id. at 640. The court found that because Landers had presented only "generalized allegations asserting violations of the minimum wage and overtime provisions of the FLSA by the defendants – that "the defendants implemented a "de facto piecework no overtime" system and/or failed to pay minimum wages and/or overtime wages for the hours worked by Landers[;]" and that "the defendants falsified payroll records to conceal their failure to pay required wages[;]" but had failed to provide "any detail regarding a specific workweek when Landers worked in excess of forty hours and was not paid overtime for that specific workweek and/or was not paid minimum wages[;]" the complaint failed to state a claim. Id. at 646.

The Ninth Circuit acknowledged that the plaintiffs in these types of cases "cannot be expected to allege 'with mathematical precision,' the amount of overtime compensation owed by the employer," but held that "they should be able to specify at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." Id. (quoting Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 90 (2nd Cir. 2013)). The Ninth Circuit found that the plaintiff's allegations "failed to provide 'sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week.'" Id. (quoting Nakahata v. New York-Presbyterian Healthcare Sys., 723 F.3d 192, 201 (2nd Cir. 2013)). Instead, the court found, just as in Nakahata, the plaintiff "merely alleged that [he was] not paid for overtime hours worked . . . .'" Id. The Ninth Circuit concluded that while "these allegations 'raise the possibility' of undercompensation in violation of the FLSA, a possibility is not the same as plausibility." Id. Thus, the court found, the plaintiff's allegations failed to state a plausible claim under Rule 8. Id.

Here, there are no details pled as to any specific named plaintiff – not where he/she worked, not what his/her job duties were, not what the circumstances were under which any plaintiff was allegedly not paid minimum wage "and/or" overtime in a particular week. Other than providing the named plaintiffs' states of residence and employment, the FAC

10

describes them only as "current and former non-exempt employees of Wells Fargo," FAC ¶¶ 18-21, or, alternatively, as "former employees of [Wells Fargo] who were classified as 'non-exempt' employees under the FLSA, as well as all applicable state wage and hour laws," FAC ¶ 23.  Most importantly, plaintiffs plead no facts showing that any plaintiff worked more than 40 hours in any given week without being compensated for overtime hours during that workweek.  Under Landers, allegations such as those asserted in the FAC – that certain plaintiffs "regularly" or "regularly and consistently" worked more than 40 hours per week – fall short of the Twombly/Iqbal standard and are thus insufficient to state a claim for denial of overtime compensation.

The court finds further that the FLSA claim for which plaintiffs are seeking conditional certification – the second cause of action for failure to pay for breaks of 20 minutes or less – is defective because, no plaintiff alleges recording a break of 20 minutes or less in a specific work week in which he or she worked more than 40 hours.  While breaks of 20 minutes or less may be "compensable" under the FLSA, that does not mean that such unpaid breaks can form the basis of an FLSA claim during a non-overtime week.  Put another way, time may be "compensable," but that does not mean the failure to pay for those breaks is "actionable" where the plaintiff has not worked 40 hours (apart from the unpaid break times) in that same week.  Thus, as pled, this appears to be merely a "pure gap time" claim and is not actionable under the FLSA.

While many states (including California) have laws mandating rest and meal breaks for employees, the FLSA does not include a provision authorizing an employee to bring a civil action for failure to provide paid rest breaks.  Plaintiffs bring the second cause of action under a regulation promulgated by the U.S. Department of Labor, providing that

> [r]est periods of short duration, running from 5 minutes to about 20 minutes, are common in industry.  They promote the efficiency of the employees and are customarily paid for as working time.  They must be counted as hours worked.  Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.

29 C.F.R. § 785.18.

Thus, while there is no cause of action under the FLSA for failure to provide rest

11

breaks, the DOL has determined that short rest breaks (5-20 minutes) must be considered time worked. Under the FLSA, all time worked must be compensated at a rate at least equal to the federal minimum wage rate of pay, and that any time worked over 40 hours a week must be compensated at a rate 1 1/2 times the employee's regular rate of pay. However, if an employee is employed less than 40 hours a week, or is paid at more than the minimum wage, the FLSA does not provide a cause of action for unpaid work. Thus, there is no FLSA violation of this rule if an employee works fewer than 40 hours a week or if the employee's number of hours worked divided by wages received is above the FLSA's minimum wage requirements.

This court agrees with the majority position that if no overtime is worked during a pay period, the overtime provisions of the FLSA cannot provide a basis for a straight time claim. See Farris, 667 F.Supp. 2d at 1161; Maciel, 569 F.Supp. 2d at 1056; see also Lundy, 711 F.3d at 115 (citing Monahan, 95 F.3d at 1280; Klinghoffer, 285 F.2d at 494). The cases cited by plaintiff – Donovan and Gilmer – are inapposite, as the plaintiffs there did not assert pure gap time claims. "[A]bsent a minimum wage/maximum hour violation, [there is] no remedy under the FLSA for pure gap time claims." Monahan, 95 F.3d at 1284.

## CONCLUSION

In accordance with the foregoing, Wells Fargo's motion for judgment on the pleadings as to the two FLSA claims is GRANTED. The dismissal is WITH LEAVE TO AMEND, conditioned on the following. Plaintiffs may not seek relief under the FLSA for any pure gap-time claim. In addition, in accordance with Twombly/Iqbal, as articulated by the Ninth Circuit in Landers, plaintiffs must plead facts as to each of the FLSA plaintiffs showing a specific week in which he/she worked more than 40 hours a week and was not compensated for overtime, or in which the wage paid divided by the number of hours worked resulted in payment at a rate falling below the minimum wage requirements of the FLSA. If plaintiffs are unable to do that, the dismissal of the FLSA claims is WITH PREJUDICE.

Any amended complaint shall be filed no later than January 9, 2014. No new claims

or parties may be added without consent of court or agreement of defendants. The date for the hearing on plaintiffs' motion for conditional certification of an FLSA collective action, previously noticed for December 17, 2014, is VACATED. The motion may be renoticed after the pleadings are settled.

**IT IS SO ORDERED.**

Dated: December 11, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge