UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MONIQUE PEREZ, et al.,

    Plaintiffs,

    v.

WELLS FARGO AND CO., et al.,

    Defendants.
_____/

No. C 14-0989 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Defendants' motion to dismiss the second amended complaint ("SAC") came on for hearing before this court on March 18, 2015. Plaintiffs appeared by their counsel Rhonda Wills and Jose Moises Cedillos, and defendants appeared by their counsel Richard Alfred and Timothy Watson. Having read the parties papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion as follows.

## BACKGROUND

    This is a wage-and-hour case filed as a proposed class and collective action, against defendants Wells Fargo & Company, Wells Fargo Bank, N.A., WFC Holdings Corporation, Wachovia Corporation, and Wachovia Bank, N.A. (referred to collectively as "Wells Fargo" or "defendants"). Plaintiffs assert claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), the California Labor Code, California Business & Professions Code § 17200, California common law, and New York law.

The original complaint was filed on March 3, 2014, and the first amended complaint ("FAC") was filed on March 28, 2014. Defendants filed an answer on April 28, 2014. On May 15, 2014, the parties filed a stipulated request to continue the date for the initial case management conference ("CMC"), from June 5, 2014, to July 24, 2014. The court approved the request on May 16, 2014.

On June 24, 2014, plaintiffs filed a motion to conditionally certify a nationwide FLSA collective action, noticing the hearing for July 30, 2014. On June 26, 2014, the court issued an order staying the briefing on the motion pending the initial CMC. At the CMC, plaintiffs' counsel indicated that plaintiffs intended on filing an amended complaint. Accordingly, the court terminated the certification motion, and ordered the parties to meet and confer regarding the proposed amended complaint.

The court also set a briefing schedule for a renewed certification motion. Plaintiffs filed the motion as directed on August 1, 2014. However, they did not file a second amended complaint. On October 27, 2014, before its opposition to the certification motion was due, Wells Fargo filed a motion for judgment on the pleadings as to the first and second causes of action (the two FLSA claims). On December 11, 2014, the court issued an order granting the motion, and dismissing the FLSA causes of action, with leave to amend.

Plaintiffs filed the second amended complaint ("SAC") on January 9, 2014, eliminating two named plaintiffs and adding three. Of the fourteen current named plaintiffs, five are residents of California who allegedly worked for Wells Fargo in California; five are residents of New York who allegedly worked for Wells Fargo in New York; one is a resident of New Jersey who allegedly worked for Wells Fargo in New Jersey and in New York; and the remaining three are residents of, respectively, Missouri, Florida, and Texas, each of whom allegedly worked for Wells Fargo in his/her state of residence.

The SAC alleges two causes of action under the FLSA. In the first cause of action, Monique Perez, Procelynne Hawthorne, Thaxton V. Rowe, Jr., Corry A. Williams, Karla P. Salazar, John Sorocenski, Sona K. Anand, Jason M. Otto, Anthony Sosa, and Anthony

Austin ("the FLSA plaintiffs"), see SAC ¶ 23, assert individual FLSA claims for "off-the-clock" violations. SAC ¶ 237. Plaintiffs allege that Wells Fargo failed to pay overtime compensation and failed to maintain accurate employee records. SAC ¶¶ 244-245.

In the second cause of action, Jason M. Otto ("Otto") alleges that Wells Fargo failed to pay for recorded breaks of 20 minutes or less as required by the FLSA. FAC ¶¶ 132-136. This cause of action is asserted by Otto individually and on behalf of the putative members of a nationwide collective action. SAC ¶¶ 258-259, see also SAC ¶¶ 173-181. The SAC defines the proposed collective action as including

> [a]ll current and former non-exempt Wells Fargo employees nationwide who at any time during the three years preceding the filing of this lawsuit through the date of disposition of, or judgment in, this action, recorded one or more breaks of 20 minutes or less in duration (in a workweek in which he/she recorded at least 40 hours of work time), but was not paid overtime compensation for the recorded break(s).

SAC ¶ 67.

Otto is allegedly "aware of other employees who have been victimized by this pattern, practice, and policy of Wells Fargo that is in violation of the FLSA" (failure to pay overtime for breaks of less than 20 minutes in weeks in which the employee worked more than 40 hours). SAC ¶¶ 252, 254. He asserts that Lygia Posey, a teller in Florida, recorded unpaid breaks of less than 20 minutes on several occasions in 2011, in weeks in which she worked more than 40 hours, but received no overtime. He makes similar allegations as to Lidilia Pastora, a teller in Florida, and George Vangelakos, a financial specialist/ personal banker in New York and New Jersey. See SAC ¶ 254. However, none of these three employees is named as a plaintiff in this lawsuit, and none has filed a notice of consent to join the FLSA collective action pursuant to 29 U.S.C. § 216(b).

On January 26, 2015, Wells Fargo filed a motion to dismiss the SAC, or in the alternative, to strike the collective action allegations in the SAC. On March 2, 2015, the court administratively terminated the pending FLSA certification motion, stating that plaintiffs could (potentially) refile the motion once the pleadings are settled. On March 18, 2015, the court heard argument in the present motion to dismiss the SAC.

3

**DISCUSSION**

A.  Legal Standards

    1.  Dismissal for failure to state a claim

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) Review is generally limited to the contents of the complaint, although the court can also consider a document on which the complaint relies if the document is central to the claims asserted in the complaint, and no party questions the authenticity of the document. See Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007).

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); see also In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

The allegations in the complaint "must be enough to raise a right to relief above the speculative level[,]" and a motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007) (citations and quotations omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but

4

it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679.  Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment.  Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

### 2. Dismissal for lack of standing

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Article III of the United States Constitution and statutes enacted by Congress pursuant thereto.  See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). Thus, federal courts have no power to consider claims for which they lack subject-matter jurisdiction.  See Chen-Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992).  The court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction.  Id.; see also Spencer Enters., Inc. v. United States, 345 F.3d 683, 687 (9th Cir. 2003); Attorneys Trust v. Videotape Computers Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

Standing is a jurisdictional limitation.  It is "an essential and unchanging part of the case-or-controversy requirement of Article III."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  Standing is not subject to waiver, and must be considered by the court even if the parties fail to raise it.  See United States v. Hays, 515 U.S. 737, 742 (1995). The burden is on the party who seeks the exercise of jurisdiction in his or her favor to "clearly . . . allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute."  Id. at 743.  To establish a "case or controversy" within the meaning of Article III, a plaintiff must, at an "irreducible minimum," show an "injury in fact" which is concrete and not conjectural, a causal connection between the injury and defendant's conduct or omissions, and a likelihood that the injury will be redressed by a favorable decision.  Lujan, 504 U.S. at 560-61; see also Allen v. Wright, 468 U.S. 737, 751 (1984).

### B. Defendants' Motion

Defendants argue that the SAC should be dismissed because the allegations are not pled in accordance with the requirements of Rule 8; and because plaintiffs have not pled facts showing that they suffered an injury in fact caused by a particular defendant, and thus

have not established that they have standing to assert any of their claims against defendants.

Defendants also contend that the first cause of action (individual FLSA claims) must be dismissed as to plaintiff Thaxton V. Rowe Jr. ("Rowe") because he pleads no facts showing a specific week in which he/she worked more than 40 hours a week and was not compensated for overtime, or in which the wage paid divided by the number of hours worked resulted in payment at a rate falling below the minimum wage requirements of the FLSA, and thus cannot state a non-gap-time FLSA claim.

Defendants argue further that the second cause of action, in which plaintiffs allege that Wells Fargo improperly failed to pay its employees for recorded breaks of 20 minutes or less in weeks in which they worked 40 hours a week or more, must be dismissed because the sole plaintiff asserting it – Jason M. Otto – cannot state a claim. Otto alleges a single unpaid short break of ten minutes in duration, which defendants contend is de minimis and, under the standard articulated in Lindow v. United States, 738 F.2d 1057 (9th Cir. 1984), cannot form the basis of a claim.

In addition, defendants argue that the court should dismiss or strike the collective action allegations or deny certification, based on plaintiffs' failure to plead facts showing that conditional certification of the FLSA claim would be appropriate. They also contend that Anthony Sosa ("Sosa"), Anthony Austin ("Austin"), and Otto were improperly joined, because plaintiffs failed to seek leave of court before adding them as new plaintiffs.

In opposition, plaintiffs assert that in filing the SAC, they have remedied the specific defects identified by the court in the order dismissing the FAC. They complain that defendants' current motion asserts "new alleged deficiencies" not raised in the prior Rule 12 motion, and they also take issue with defendants' claim that the SAC is verbose or overly long or replete with redundancy. They assert that defendants should have no problem responding to the SAC, but that if the court finds any violation of Rule 8, it should grant further leave to amend.

With regard to defendants' arguments regarding standing, plaintiffs assert that Wells

6

Fargo has "admitted" that the plaintiffs were employees. They cite defendants' answer to the FAC, stating that "Wells Fargo Bank, N.A. and Wachovia Bank N.A. were/was [p]laintiffs' employer," and they also cite Wells Fargo's responses to plaintiffs' requests for admissions (which were directed at "defendants" or "Wells Fargo," without any distinction among defendants).

As for the argument that Rowe fails to state a non-gap time FLSA claim for short breaks, plaintiffs assert that "it is clear" from the SAC that they are making no attempt to assert such a claim under the FLSA on behalf of Rowe.

As for the argument that plaintiffs did not obtain leave of court to add Sosa, Austin, and Otto as plaintiffs, plaintiffs respond that Austin filed a notice of consent to join the collective action on July 3, 2014, and that Otto and Sosa filed similar notices November 8, 2014, which was prior to the date the court dismissed the FAC. Thus, they assert, these three became party plaintiffs with respect to the proposed FLSA collective action as of the dates they filed their notices of consent to join, even though not named as plaintiffs in the FAC.[1]

Plaintiffs assert that to the extent defendants may attempt to argue that Otto cannot assert his claim under the California Labor Code, individually and on behalf of a class, the result will be that he "will be forced to file a new lawsuit to bring such claims." In plaintiffs' view, that would be both "inefficient and unnecessary."

As for the argument that Otto's single uncompensated short break was de minimis, plaintiffs contend that application of the Lindow factors weighs in their favor. Finally, plaintiffs assert that defendants' challenge to the collective action allegations pursuant to Rule 12(b)(6) and Rule 12(f) also fails. They contend that the argument that plaintiffs' claims are not sustainable as a collective action is an argument that goes to the merits, not to whether the facts are adequately pled, and that it should be addressed in a certification motion.

---

[1] The court notes, however, that only Otto is named as a plaintiff in the FLSA collective action cause of action.

7

The court finds that the motion must be GRANTED. The dismissal is again with leave to amend. As an initial matter, the court agrees with plaintiffs that in the present action, a motion to dismiss in not an appropriate vehicle for resolution of collective or class allegations. On the other hand, the court agrees with defendants that the named plaintiffs in the SAC have not adequately alleged injury in fact and causation because they have not clearly alleged an employment relationship between each named plaintiff and a particular defendant, or alleged facts showing what that particular defendant did to cause injury to the named plaintiff.

For each form of relief sought, a plaintiff must establish standing. Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc., 528 U.S. 167, 185 (2000); Mayfield v. United States, 599 F.3d 964, 970-71 (9th Cir. 2010). To demonstrate that they have standing, named plaintiffs in a class action suit must plead facts showing standing as to each defendant, including alleging that they were injured by each such defendant. The same standing requirement applies in an FLSA collective action. See Sandoval v. Ali, 34 F.Supp. 3d 1031, 1039 (N.D. Cal. 2014).

Employees may seek redress in an FLSA action only from "employers." See 29 U.S.C. § 216(b). "Employer" for FLSA purposes includes "any person acting directly or indirectly in the interest of an employer." 29 U.S.C. § 203(d). The Ninth Circuit has interpreted this definition to mean an entity that "exercises control over the nature and structure of the employment relationship, or economic control over the relationship." See Lambert v. Ackerley, 180 F.3d 997, 1011-12 (9th Cir. 1999); see also Bonnette v. California Health & Welfare Agency, 704 F.2d 1465, 1469 (9th Cir. 1983).

Similarly, wage-and-hour claims under the California Labor Code ("Labor Code") and the New York Labor Law ("NYLL") also require establishment of an "employment relationship." See Futrell v. Payday Cal., Inc., 190 Cal. App. 4th 1419, 1428-29 (2010) (only employers are liable under the Labor Code); Olvera v. Bareburger Grp., LLC, __ F.Supp. 3d __, 2014 WL 3388649 at *2 (S.D.N.Y. July 10, 2014) (plaintiff must plead employment relationship to state claim under NYLL). The definition of "employer" under

the NYLL mirrors that under the FLSA. Olvera, 2014 WL 3388649 at *2-4. California law defines "employer" more narrowly than does the FLSA. Jones v. Gregory, 137 Cal. App. 4th 798, 803-04 (2006).

Here, plaintiffs assert their claims against five separate corporate entities, which they refer to collectively as "Wells Fargo." However, they allege no facts showing how the five defendants are related, if at all, and allege no facts showing which of those defendants was the employer of each of the named plaintiffs in this case.

Plaintiffs' claim that Wells Fargo "admitted" in discovery responses that each named plaintiff was employed by defendants is not entirely accurate. What defendants "admitted" was that the plaintiffs named in the FAC were employed by Wells Fargo Bank, N.A. or by Wachovia Bank N.A., or by both. They did not assert that any plaintiff was employed by Wachovia Corporation, WFC Holdings Corporation, and/or Wells Fargo & Company (the other parties that make up "defendants").

Defendants' acknowledgment of employment relationships between some of the plaintiffs and one or two of the five corporate defendants does not obviate each plaintiff's obligation to allege sufficient facts in the complaint to show that his/her injury is fairly traceable to a specific defendant's conduct. Thus, the SAC is dismissed with leave to amend to plead facts showing which specific entity was the "employer" of each of the named plaintiffs, and what that entity did that allegedly violated the FLSA, and/or the California Labor Code or the NYLL.

As for the argument regarding Rowe, the court interprets plaintiffs' response in the opposition as an indication that Rowe does not intend to assert individual claims under the FLSA, notwithstanding that the SAC includes him as an "FLSA plaintiff." See SAC ¶¶ 23, 237. If that interpretation is correct, Rowe should be dismissed from the first cause of action. If that interpretation is incorrect, plaintiffs must amend the complaint to allege facts that clearly state a claim on behalf of Rowe.

With regard to the argument that the ten-minute unpaid break claimed by Otto is "de minimis," the court agrees with plaintiffs that application of the relevant factors is fact-

9

intensive. Nevertheless, defendants are correct in asserting that plaintiffs have not alleged sufficient facts to show that Otto can maintain his claim (and thus, have not stated a claim as to the second cause of action).

Otto purports to assert this cause of action on behalf of as many as 150,000 current and former employees nationwide, yet alleges only that Wells Fargo failed to compensate him for a single short break, ten minutes in duration, during the entire three-year period at issue. Wells Fargo contends that this 10-minute break falls within the definition of "de minimis." See Lindow, 738 F.2d at 1062 ("[m]ost courts have found daily periods of approximately 10 minutes de minimis") (citing cases). Employees cannot recover for otherwise compensable time if it is de minimis. Alvarez v. IBP, Inc., 339 F.3d 894, 903 (9th Cir. 2003).

> When the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded. Split-second absurdities are not justified by the actualities of working conditions or by the policy of the Fair Labor Standards Act. It is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved.

Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 692 (1946), quoted in Lindow, 738 F.2d at 1062.

In determining whether time is de minimis, courts consider "(1) the practical administrative difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3) the regularity of the additional work." Lindow, 738 F.2d at 1063. However, there is no rigid test, and "common sense must be applied to the facts of each case." Id. at 1062. Because the test is flexible and depends on the totality of the circumstances, courts routinely find that time is de minimis when only two of the three factors apply. See, e.g., Troester v. Starbucks Corp., 2014 WL 1004098 at *5 (C.D. Cal. Mar. 7, 2014); Alvarado c. Costco Wholesale Corp., 2008 WL 2477393 at *4 (N.D. Cal. June 18, 2008).

In Lindow, a case alleging failure to pay overtime compensation, the court held, first, that employers must compensate employees for "even small amounts of daily time unless

10

1  that time is so minuscule that it cannot, as an administrative matter, be recorded for payroll
2  purposes." Lindow, 738 F.2d at 1063 (emphasis added).  Second, the court stated, "[W]e
3  will consider the size of the aggregate claim." Id.  The court did not elaborate on the
4  meaning of "aggregate claim," other than to note that other courts had granted relief for
5  "claims that might have been minimal on a daily basis but, when aggregated, amounted to
6  a substantial claim." Id.  As examples of claims that were not de minimis, the court pointed
7  to cases involving small claims that were repeated on a regular basis – "less than $1.00 per
8  week;" "30 minutes per day over 1 1/2 years;" "$21.67 to $256.88 per week over 3 years;"
9  and "15 minutes per day, amounting to verdicts ranging from $248.04 to $508.44." See id.
10 The court also found that courts "in other contexts" – i.e., claims that were not
11 employment-related – had applied the de minimis rule in relation to "the total sum or claim
12 involved in the litigation." Id.  Third, the court added, in applying the de minimis rule, it
13 would consider whether the claimants performed the work on a regular basis. Id.  Where
14 the unpaid work is of short duration and is not performed on a daily basis, it can be
15 considered de minimis. See id.

16        Here, with regard to the first factor – whether the time at issue can practically be
17 recorded – the amount of time, however small, can presumably be recorded for payroll
18 purposes by Wells Fargo's electronic timekeeping system.  Nevertheless, it would arguably
19 be unduly burdensome for Wells Fargo to have to determine a small amount of time is
20 compensable or not.  Even if the court accepts as true Otto's allegation of one ten-minute
21 unpaid break within the three-year period at issue, it is not clear that any defendant could
22 easily monitor such breaks to determine if they qualify as paid time.  This factor does not
23 clearly favor either side.

24        The second factor – the aggregate amount of compensable time – favors Wells
25 Fargo.  At this point, the second cause of action, which was brought as a collective action
26 claim, is actually an individual claim brought by Otto, who alleges a single ten-minute
27 incident in a period stretching back three years.  The three employees that plaintiffs
28 mention in the second cause of action (Posey, Pastora, and Vangelakos) are not parties in

this case, as they have not filed notices of consent to join the action. Plaintiffs have cited no authority that would permit the court to aggregate such claims with Otto's single-incident claim in order to arrive at a claim that is more than de minimis, for purposes of determining whether Otto states a claim. Contrary to plaintiffs' suggestion, Lindow does not hold that the court should consider the "aggregate size of the entire class' claim" in the absence of other, relevant, factual allegations.

In Lindow, the plaintiffs were employees of the Army Corps of Engineers, who worked as power plant operators, control room operators, and general foremen of eight hydro-electric dams located on the Columbia River and the Snake River. They claimed that the Corps routinely required them to report to work 15 minutes before their shift began to review and clarify log book entries, open and close gates, and be available to relieve outgoing employees who were operating navigational locks at the time of the shift change.

The court held that the 7-8 minutes spent by the employees reading the log book and exchanging information – while perhaps "substantial" when aggregated – was de minimis because of the administrative difficulty of recording the time and the irregularity of the additional work, and thus was not compensable. Id., 738 F.2d at 1062-64. The court held further that early relief during lockages was necessary only once or twice a month, and that it took only 5-15 minutes, which made it de minimis. Id. at 1064. Similarly, the court found that the time required to open and close the gates was no more than 3 minutes per shift, and in any event was not compensable under the FLSA because it fell under the heading of an activity required to enable employees to reach their place of work.

Apart from Lindow, plaintiffs cite two other cases – Rutti v. Lojack Corp., Inc., 596 F.3d 1046 (9th Cir. 2010), and Reich v. Monfort, 144 F.3d 1329 (9th Cir. 1998) – neither of which supports their position. In Rutti, the court simply cited Lindow (for propositions that courts may consider "the size of the aggregate claim" and may apply "the de minimis rule in relation to the total sum or claim involved in the litigation"). The court held that "a minute or so" spent every morning by technicians filling out forms was de minimis, but also found that time spent on a daily basis by the named plaintiff (15 minutes a day, after the plaintiff went

off-the-clock) sending a transmission to the employer concerning all the jobs performed that day, should be aggregated, and found that it was not de minimis because it amounted to more than an hour a week and was part of the regular work of the employees at the company. Id., 596 F.3d at 1057-59.

In Reich, the court cited Lindow, and concluded that "the aggregate for an individual [required to don and doff safety gear in a meat processing company], if looked at over the period of two to three years, was significant." The court also noted that under Lindow, it might be appropriate to consider an aggregate based on a total number of employees, or to consider the total claim involved in the litigation. Id., 144 F.3d at 1334. However, the court did not actually consider any of those factors, and in fact, concluded that the claim (which was for failure to compensate employees for approximately 10-minute periods required to donn and doff safety gear) was de minimis even though it occurred on a more-or-less regular basis.

The third factor – whether the work at issue was performed on a regular basis – also favors Wells Fargo, to the extent it even applies under these facts. The cases that have discussed this test (including Lindow) generally involve a claimed failure to pay overtime for specific work performed by a particular employee or group of employees – most commonly, either before their shift began or after their shift had ended. This includes time required to don or doff equipment or special clothing, time required to pass through security at the end of the day, time required to fill out forms or file reports either before starting work or after clocking out. Here, Otto is not seeking to recover overtime pay for unrecorded work.

Were there an allegation in the SAC that Wells Fargo regularly (on a daily or perhaps even a weekly basis) failed to pay Otto for recorded breaks of less than 20 minutes, with some facts pled to support that assertion, the outcome might be different. As it is, however, there is nothing to aggregate here. As Otto claims only a single 10-minute break, he cannot claim that such breaks were a regular occurrence during the course of his employment. Likewise, the aggregate time at issue here is small – a mere 10 minutes total, over a three-year period.

Finally, the court notes that Otto and Sosa were added to the SAC as "California plaintiffs," see SAC ¶ 261, without leave of court or agreement of defendants, and that Otto, Sosa, and Austin were added as new individual FLSA plaintiffs without leave of court. The addition of the new "California plaintiffs" was improper. As for the new FLSA plaintiffs, the fact that Otto, Sosa, and Austin each filed a "notice of consent to join as a party plaintiff" prior to the date the court dismissed the FAC means that they are properly included as plaintiffs in second cause of action (FLSA collective action) (although that claim appears to be brought by Otto alone), but not in the first cause of action (individual FLSA claims). Nevertheless, the court will allow plaintiffs to plead allegations regarding Otto, Sosa, and Austin in this instance. However, any further attempt to add parties or claims without court approval will be rejected.

## CONCLUSION

In accordance with the foregoing, the defendants' motion to dismiss is GRANTED. The dismissal is WITH LEAVE TO AMEND, as discussed above. Any amended complaint must be filed no later than May 26, 2015. No new parties or claims may be added without leave of court.

**IT IS SO ORDERED.**

Dated: April 24, 2015

PHYLLIS J. HAMILTON
United States District Judge