UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MONIQUE PEREZ, et al.,

    Plaintiffs,

    v.

WELLS FARGO & COMPANY, et al.,

    Defendants.

Case No. 14-cv-0989-PJH

**ORDER DENYING MOTION TO TRANSFER AND MOTION TO STRIKE**

Before the court is plaintiffs' motion to sever the class claims brought under New York law, and the individual FLSA claims brought by New York plaintiffs, and to transfer those claims to the Southern District of New York pursuant to 28 U.S.C. § 1404(a); and motion to strike affirmative defenses. Defendants oppose the motions.

Having read the parties' papers and carefully considered their arguments, and the relevant legal authority, the court hereby DENIES the motion to transfer and the motion to strike, and DEFERS ruling on the motion to sever.

1.    Motion to Sever and Transfer.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The party moving for transfer of a case bears the burden of demonstrating transfer is appropriate. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

In deciding a motion to transfer venue, the district court must consider each of the factors enumerated in § 1404(a) – whether the action could have been brought in the

proposed transferee district, the convenience of the parties, the convenience of the witnesses, and the interests of justice. Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985); see also Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).

The court may also consider a number of non-exclusive factors – the plaintiff's choice of forum, the convenience of the parties, the convenience of the witnesses, the ease of access to the evidence, the familiarity of each forum with the applicable law, the feasibility of consolidation with other claims, any local interest in the controversy, and the relative court congestion and time of trial in each forum. See Williams v. Bowman, 157 F.Supp. 2d 1103, 1106 (N.D. Cal. 2001) (citing Jones, 211 F.3d at 498-99).

Plaintiffs argue that transfer to the Southern District of New York is warranted under § 1404(a). They contend that the motion is timely, as § 1404(a) does not contain a specific time limitation, and this case is still in early stages. They also assert that the claims of the New York plaintiffs could have been brought in the proposed transferee district, because the claims all arose in New York, and some of the New York plaintiffs worked for defendants in the Southern District of New York.

Plaintiffs argue that the Southern District of New York is a more convenient forum, taking into consideration that they have now decided it is their choice of forum, and that the convenience factors (access to sources of proof, availability of witnesses, interest in having local controversies decided in a local forum, and unfairness of burdening jurors with a controversy arising in another locale) all favor transfer.

In particular, plaintiffs contend that requiring witnesses located in New York to travel to California would cause a great inconvenience. These New York witnesses allegedly include "[p]laintiffs' supervisors," who can be expected to testify as to defendants' practices in New York, especially with regard to the claims for overtime violations under New York labor law. Plaintiffs argue in addition that documents relating to the New York plaintiffs' claims are "likely to be found in New York . . . or in the neighboring state of New Jersey."

Finally, plaintiffs assert that the interests of justice favor transfer. They contend that because the claims arose in New York, there is a clear public interest in trying the case there, and that a New York court will be more familiar with the governing state law.

Defendants oppose the request to transfer under § 1404(a). They claim that plaintiffs have engaged in forum-shopping on an ongoing basis, and argue that plaintiffs who seek to transfer a case from the district where they originally filed it must justify the motion by showing a change of circumstances, which plaintiffs have not done here.

Defendants also argue that transfer pursuant to § 1404(a) would be "manifestly inefficient." They claim that there is a strong policy of litigating "similar claims" in the same tribunal – but that here, plaintiffs seek transfer specifically to enable them to pursue their related claims separately, in different courts on different coasts.

As for the convenience factors, defendants argue that the New York plaintiffs have already been deposed in this case (and cannot be further deposed), so there can be no question of further inconvenience. In addition, they assert that because both the New York and California plaintiffs claim violations based on allegedly widespread corporate policies, any discovery plaintiffs seek moving forward will be duplicated if the New York claims are transferred. Defendants claim that regardless of where the witnesses are located, this result would be unduly burdensome and inefficient.

The motion to transfer is DENIED. The court finds that plaintiffs have not made an adequate showing that transfer is warranted. They have not identified witnesses (other than "supervisors") or any exact location where relevant documents are maintained, and have made no clear showing that the convenience of parties and witnesses would be better served by a transfer to the Southern District of New York.

As for defendants' argument that plaintiffs' motion to transfer should be denied because they have not shown "changed circumstances," it is true that some courts have imposed this requirement, but it is not a requirement that appears anywhere in the statute, and is not a requirement that has been imposed by the Ninth Circuit. Nevertheless, the court finds that the fact that plaintiffs filed this suit here, alleging claims

under New York, Texas, and California law, after having previously filed suits in New York and Texas, at least suggests some element of forum shopping, and plaintiffs have made no attempt to explain why they now believe they should have filed the New York claims in New York at the outset, or why they no longer wish to proceed in this district.

The court DEFERS ruling on the portion of the motion seeking an order severing the New York claims and the FLSA claims brought by the New York plaintiffs. The court will determine at some appropriate time whether and how to sever the New York claims for trial.

2. Motion to Strike Affirmative Defenses

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense . . . ." In the answer to the third amended complaint ("TAC"), defendants assert 32 affirmative defenses. Plaintiffs argue that the court should strike "all 30" of defendants' affirmative defenses, because they allege no facts and are thus insufficient under the pleading standards articulated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009) ("Twombly/Iqbal"). However, plaintiffs do not discuss even a majority of the defenses.

Plaintiffs list four defenses, "by way of example" – the third defense (settlement and release); the eighth defense (no violation of law); the twelfth defense (accord and satisfaction); and the fourteenth defense (consent, acquiescence or ratification) – which they assert are insufficient, although they do not explain why except to refer generally to the Twombly/Iqbal standard. In addition to those four "examples," plaintiffs argue that the ninth defense (waiver) and the thirteenth defense (estoppel) are insufficient as a matter of law with respect to the FLSA claims because courts have held that those defenses cannot be asserted as defenses to FLSA claims (citing Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728 (1981)). They also assert that these defenses are also insufficient as to the state law claims because they are not pled as required under Twombly/Iqbal.

In opposition, defendants make four main arguments. First, they argue that the

Twombly/Iqbal standard is not applicable to the pleading of affirmative defenses under Ninth Circuit law.  In support they cite Kohler v. Flava Enters., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015).  Defendants assert that rather than requiring pleading in conformance with the Twombly/Iqbal "plausibility" standard, all that Rule 8 requires is "fair notice" of the defense.  They add that even if Twombly/Iqbal applies to the pleading of defenses, the court should look to the entire answer and complaint to obtain "the context needed."

In their second main argument, defendants assert that their affirmative defenses are adequately pled because they satisfy the "fair notice" standard.  Here, they specifically mention the third, ninth, tenth, twelfth, thirteenth, fourteenth, seventeenth, and eighteenth defenses, although they do not provide any analysis.  They also specifically mention the fourth (unlean hands) and fifth (statute of limitations) defenses, neither of which were addressed by plaintiffs in their motion.

Following this, defendants list several defenses (again, without analysis) – the sixth, eleventh, fifteenth, twentieth, and twenty-eighth defenses; the twenty-first defense; and the twenty-fifth defense – but with the exception of the sixth defense, the defenses listed here do not match the defenses pled in the answer to the TAC.  For example, the opposition refers to the eleventh defense as "exempt employees – all claims," while the answer lists the eleventh defense as "estoppel – all claims;" and the opposition refers to the fifteenth defense as "uncompensated time is de minimis – all claims," while the answer refers to the fifteenth defense as "waiver – all claims."

In their third main argument, defendants contend that the "negative" defenses should not be stricken.  These are defenses that "demonstrate[ ] that plaintiff has not met its burden of proof" or "negate[ ] an element that [plaintiff is] require to prove."  Defendants contend that such defenses (according to some courts) are not even subject to a "fair notice" pleading requirement, because they are essentially denials of the complaint.  Defendants identify these as the first, second, seventh, eighth, sixteenth, nineteenth, twenty-second, twenty-third, twenty-fourth, twenty-sixth, twenty-seventh, twenty-ninth, and thirtieth defenses.  The only one of these defenses they identify by title

is the eighth, but unfortunately, as above, they refer in their opposition to the eighth defense as "no violation," while the eighth defense in the answer is "good faith – all claims."

The motion is GRANTED in part and DENIED in part.  Plaintiff is correct that judges in this district (and throughout the Ninth Circuit) generally evaluate the pleading of affirmative defenses under the Twombly/Iqbal standard – or at a minimum, hold that "fair notice" requires some specificity in pleading and that it is not enough to merely assert boilerplate defenses.  Defendants' citation to the Kohler decision is unpersuasive, as the Ninth Circuit did not specifically hold in that case that the Twombly/Iqbal standard does not apply to the pleading of affirmative defenses.

As to the present motion, however, the only defenses that will be stricken are the defenses of waiver and estoppel as they apply to the FLSA claims.  Plaintiffs have not met their burden with regard to the remainder of the affirmative defenses.  It is insufficient to simply argue that the defenses collectively are not pled in accordance with Twombly/Iqbal.  Plaintiffs must discuss each defense separately, and where necessary, list the elements that must be pled in order to adequately allege the defense.  The court can respond only to plaintiffs' motion and the arguments made in opposition to that motion, and absent argument by the parties will not conduct an analysis of the answer in order to determine which defenses are adequately pled and which are not.  Moreover, the court will not entertain a further motion on this issue.

The date for the hearing on these motions, previously set for September 30, 2015, has been VACATED.

**IT IS SO ORDERED.**

Dated: September 21, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge