UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MONIQUE PEREZ, et al.,

    Plaintiffs,

    v.

WELLS FARGO & COMPANY, et al.,

    Defendants.

Case No. 14-cv-0989-PJH

**ORDER GRANTING MOTION FOR LEAVE TO AMEND ANSWER AND VACATING HEARING**

Before the court is the motion of defendants Wells Fargo & Company, et al. ("Wells Fargo") for leave to file an amended answer to assert one additional affirmative defense. Having read the parties' papers and carefully considered their arguments, the court hereby GRANTS the motion.

Under Rule 15 of the Federal Rules of Civil Procedure, after a first amendment of a pleading, a party may amend its pleading only with the opposing party's written consent or the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

In deciding whether to grant a motion for leave to amend, the court considers bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the moving party has previously amended the pleading. In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013). Of these factors, the consideration of prejudice to the opposing party carries the greatest weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Wells Fargo seeks leave to amend the previously amended answer to add an

affirmative defense. The previously amended answer alleges as the 11th Affirmative Defense the "commissioned employee" exemption under California Wage Order 4-2201 § 3(D), and the "administrative, professional, and executive" exemptions under California Labor Code § 515(a). Now Wells Fargo seeks to add a new 31st Affirmative Defense, to assert the "outside salesperson exemption" under 29 C.F.R. § 541.500 et seq. (FLSA); Cal. Wage Order 4-2001 § 1(C) and NYCRR 142-2.14(c)(5), as authorized by 29 U.S.C. § 213(a) (Calif. and NY); and Cal. Lab. Code § 517(d) and NYLL §§ 651(5)(d), 655(5)(b) (Calif. and NY).

Wells Fargo does not address bad faith, undue delay, or futility in its moving papers, instead arguing only that plaintiffs will not be unduly prejudiced if the court permits the amendment. Wells Fargo argues that there will be no undue prejudice because discovery on the merits of plaintiffs' claims has been stayed, and the parties are currently engaging in class discovery to be completed February 1, 2016, in preparation for the filing of the class certification motion on April 6, 2016. Wells Fargo asserts that because merits discovery will be completed only after the court rules on the class certification motion, and because it is seeking leave to amend at a fairly early stage of the litigation, plaintiffs will have sufficient notice of the defense and an adequate opportunity to respond.

In opposition, plaintiffs argue that leave to amend should not be granted because the new proposed defense would be futile, and because Wells Fargo unduly delayed in seeking leave to amend and this delay will prejudice plaintiffs. With regard to futility, plaintiffs contend that Wells Fargo has judicially admitted (in the responses to requests for admissions) that plaintiffs were non-exempt employees, and that it treated them as such. Thus, plaintiffs assert, the proposed exemption defense would be futile. Plaintiffs also argue that the proposed new defense as pled in the proposed amended complaint alleges no supporting facts, and thus is futile because it could not survive a motion to dismiss under the Twombly/Iqbal standard.

With regard to undue delay and prejudice, plaintiffs argue that if the amendment is

allowed, it will alter the nature of the litigation, and will require additional discovery, including further depositions, and that they will be precluded from testing the defense on Wells Fargo's witnesses at their depositions.

The motion is GRANTED.  "[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend." United States v. Webb, 665 F.2d 977, 980 (9th Cir.1981); see also Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990).  On the other hand, undue delay combined with other factors may warrant denial of leave to amend. See, e.g., Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387-89 (9th Cir. 1990) (prejudice and undue delay are sufficient to deny leave to amend); Morongo Band, 893 F.2d at 1079.

Plaintiffs suggest they will be prejudiced by having to conduct additional discovery, including further depositions of certain of Wells Fargo's witnesses, but additional discovery is a reasonable possibility any time the court grants a motion to amend a pleading.  Here, the class fact discovery cut-off date is February 1, 2016, and there are no pending dispositive motions.  Moreover, plaintiffs have filed at least two amended complaints since those Wells Fargo witnesses were deposed.  Plaintiffs would have had no basis for objecting if Wells Fargo added this defense to its original answer to the TAC (after the witnesses were deposed), so it makes little sense for plaintiffs to make this argument a few months later.

Plaintiffs might be unhappy about the need to conduct additional discovery within the court-approved discovery period, but that cannot serve as a reason to deny the motion.  Given that the parties have until February 1, 2016 to complete fact discovery and plaintiffs have until April 6, 2015 to file the class cert motion, the court does not find any undue delay that can be considered prejudicial to plaintiffs.

As for futility, Wells Fargo's prior classification of certain employees as non-exempt does not bar assertion of the "outside sales" exemption as a defense, and thus the amendment would not be futile. Under the FLSA, an "outside salesman" is "any employee . . . [w]hose primary duty is . . . making sales" and who is "customarily and

3

regularly engaged away from the employer's place or places of business in performing such primary duty." 29 C.F.R. § 541.500(a).  Thus, it is the employee's specific and regularly performed job duties, not job titles, that determine exempt status.  See generally Christopher v. SmithKline Beecham Corp., 132 S.Ct. 2156, 2170-71 (2012).  The rule is similar in California and New York.  See Duran v. U.S. Bank N.A., 59 Cal. 4th 1, 26 (2014); Reid v. Concentra Health Servs., Inc., 2015 WL 1729873 at *8 (E.D. Cal. Apr. 15, 2015); Gold v. N.Y. Life Ins.Co., 730 F.3d 137, 145 (2nd Cir. 2013)

      Whether the employees are actually exempt or not requires an inquiry into their job duties and the fact that Wells Fargo classified them as non-exempt and paid them as though they were non-exempt does not mean that they were in fact non-exempt. Moreover, unless there is a clear absolute bar to asserting a particular defense – i.e., that a particular defense can under no circumstances be asserted against a particular cause of action – the court generally finds that the better course is to allow the amendment.

      In accordance with the foregoing, the court hereby GRANTS the motion.  The date for the hearing on the motion, previously set for December 9, 2015, is VACATED.

**IT IS SO ORDERED.**

Dated:  November 24, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge

4