UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE PEREZ, et al.,<br><br>  Plaintiffs,<br><br> v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>  Defendants. | Case No. 14-cv-00989-PJH   (KAW)<br><br>**ORDER TERMINATING 2/8/16 JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 151 |

On February 8, 2016, the parties filed a joint letter, in which Defendants seek to compel supplemental responses to Plaintiffs' individual responses to Defendants' requests for admission. (Joint Letter, Dkt. No. 151 at 2.) As drafted, the letter does not identify which requests for admission are at issue nor is it formatted in a manner that facilitates the Court's resolution of these disputes. Furthermore, the joint letter addresses all of the plaintiffs' separate responses to RFAs, such that each set should be addressed in a separate joint letter.

Accordingly, the Court TERMINATES the discovery letter and orders the parties to meet and confer[1] and are discouraged from filing any further joint letters on matters that should easily be resolved without court intervention.

Should the parties have any other remaining disputes that cannot be resolved informally, they shall file a separate, joint letter for each set of responses from each Plaintiff, not to exceed five double-spaced pages. (General Standing Order for Magistrate Judge Kandis A. Westmore ¶ 13.) The letters shall clearly identify which requests are still at issue and be in the following

---

[1] It should be noted that only Defendant's custodian of records is likely to be able to attest to its records as "true and correct copies" of Plaintiffs' time entries. The Court agrees that Plaintiffs cannot be expected to "vouch for voluminous time entries of which they are not custodians." (*See* Joint Letter at 3.)

format to ensure that the parties are addressing the same disputes:

**A. Request for Admission No. 7**

[Summarize the issue and reproduce the request.]

Defendant's Position

[Defendant's position outlining why Plaintiff's response is deficient and the relief requested.]

Plaintiff's Position

[Plaintiff's rationale as to why she has fully responded to the request, etc.]

**B. Request for Admission No. 12**

[Summarize the issue and reproduce the request.]

Defendant's Position

[Defendant's position outlining why Plaintiff's response is deficient and the relief requested.]

Plaintiff's Position

[Plaintiff's rationale as to why she has fully responded to the request, etc.]

(*See* General Standing Order ¶ 13.)  Additionally, the parties should attach the propounded discovery and the applicable responses as exhibits to each joint discovery letter.  The parties need not attach correspondence.  All exhibits should be tabbed and physically attached to the corresponding letter with a staple or brads.

IT IS SO ORDERED.

Dated: February 22, 2016

_Kandis Westmore_
KANDIS A. WESTMORE
United States Magistrate Judge