1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
7                        NORTHERN DISTRICT OF CALIFORNIA
8
9
10   MONIQUE PEREZ, et al.,
11              Plaintiffs,                    Case No.  14-cv-0989-PJH
12        v.
                                              **ORDER DENYING MOTION FOR
13   WELLS FARGO & COMPANY, et al.,            CLASS CERTIFICATION**
14              Defendants.
15
16
17        The motion of plaintiff Sona Anand for an order certifying a New York class came

18   on for hearing before this court on June 15, 2016.  Plaintiff appeared by her counsel

19   Rhonda Wills, and defendants appeared by their counsel Richard Alfred and Jessica

20   Lieberman.  Having read the parties' papers and carefully considered their arguments

21   and the relevant legal authority, the court hereby DENIES the motion.

22                                 **INTRODUCTION**

23        This wage-and-hour case was filed on March 3, 2014, by a group of plaintiffs

24   asserting individual and class claims under the federal Fair Labor Standards Act

25   ("FLSA"), and under the laws of the states of California, Texas, and New York.  What

26   remains in this case (per the third amended complaint or "TAC," filed May 26, 2015) are

27   individual FLSA claims for failure to pay overtime; individual claims under the California

28   Labor Code for failure to pay overtime, failure to provide meal and rest breaks, and failure

to pay waiting time penalties, and a claim of unfair business practices under California Business & Professions Code § 17200; and individual and class claims under the New York Labor Law for failure to pay overtime.

Named plaintiff Sona Anand ("Anand") is a resident of New Jersey who was employed by defendants Wachovia Bank, N.A., Wells Fargo & Company, and Wells Fargo Bank, N.A. (collectively "Wells Fargo") in New York and New Jersey.  In addition, five other named plaintiffs lived in New York and worked for defendants in New York – Brandon Grzan ("Grzan"), Jason Hoffman ("Hoffman"), Brian Lynch ("Lynch"), John Sorocenski ("Sorocenski"), and Sezgin Unay ("Unay").

Plaintiffs assert that Wells Fargo does not compensate its nonexempt New York employees for recorded breaks of 20 minutes or less in duration, and has never done so. Specifically, plaintiffs claim that the members of the proposed class were not paid overtime wages for recorded breaks of 20 minutes or less taken in workweeks in which they recorded at least 40 hours of work time.

The TAC asserts two causes of action under New York law.  In the seventh cause of action, plaintiffs allege individual claims for unpaid overtime under N.Y. Lab. Law §§ 190 and 191, and N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2.  In the eighth cause of action, plaintiffs allege class claims for unpaid overtime under N.Y. Lab. Law §§ 190 and 191, which they claim is actionable under N.Y. Lab. Law § 663 (providing for right of employee to recover unpaid wages in a civil action).  TAC ¶¶ 305-306.

Anand now seeks an order certifying a New York class under Federal Rule of Civil Procedure 23(b)(3), and an order also designating her as the representative of the class, and appointing plaintiffs' counsel as counsel for the class.

## BACKGROUND

Wells Fargo currently operates nearly 80 "retail banking stores" in New York, which are staffed by employees in a variety of non-exempt positions.  Wachovia Bank, N.A., which resulted from a 2001 merger between Wachovia Corporation and First Union Corporation, merged into Wells Fargo Bank, N.A., effective December 31, 2008.  Prior to

that time, Wells Fargo Bank, N.A. had no New York "retail banking stores," and used different time-keeping and payroll systems than the ones used by Wachovia Bank, N.A. Even after the takeover, Wachovia continued to be separately operated in most respects for nearly all of 2009, and the Wachovia team members remained on a separate payroll until mid-2009.

Wells Fargo currently has a uniform timekeeping and payroll system for its non-exempt employees. Roger Saucerman, Wells Fargo's former Senior Vice President of Human Resources, testified that defendants use a timekeeping system known as TimeTracker to track employees' "in" and "out" times and to feed that data to the payroll system, and that they have used PeopleSoft to calculate the pay of its non-exempt employees nationwide. Anand asserts that these electronic records, which date back to 2008, can be queried to identify class members and the corresponding pay rate, and to disclose the number and length of short breaks and the amount owed to each class member.

Employees manually record their time worked, including meal breaks, on electronic timecards. TimeTracker permits employees to clock in and out numerous times throughout the workday for various reasons (e.g., for multiple meal breaks, lactation breaks, or breaks in connection with disability accommodation). According to Teresa Lee Swanson, Wells Fargo Vice President and Business Systems Consultant Manager, Wells Fargo requires employees to enter the actual times they begin and end work each day into TimeTracker, including any time for meal periods, and also requires that they certify that the entries are correct. Wells Fargo requires non-exempt employees to accurately record their meal periods, but they do not record their rest periods. According to Ms. Swanson, "[r]est periods are considered 'hours worked' and are paid."

In the TAC, plaintiffs allege that Anand, Grzan, Hoffman, Lynch, Sorocenski, and Unay each took recorded breaks of 20 minutes or less, in weeks in which they recorded at least 40 hours of work time, for which they were not paid overtime compensation. Anand testified in her deposition that she was not paid for her recorded breaks of 20

United States District Court
Northern District of California

1  minutes or less in duration, notwithstanding that the time was accurately recorded.

2  Grzan, Lynch, and Unay testified to having had the same experience and having suffered

3  the same injury.

4  Defendants assert that despite the requirement that employees enter their time

5  accurately and certify that it is correct, employees occasionally make errors in entering

6  their time.  They contend that once employees have submitted their time, they alone can

7  make changes, and that while managers are expected to review employees' time

8  records, they are not required to approve the time in the timekeeping system.

9  Defendants also claim that while Wells Fargo provides non-exempt employees the

10  opportunity to take an unpaid meal break of at least 30-60 minutes, many employees

11  choose to take shorter meal breaks for a variety of reasons, including medical reasons

12  (splitting a longer unpaid meal break into two shorter unpaid breaks); reasons relating to

13  scheduling (desire to take shortened breaks with agreement of the manager, to permit

14  other activities); and personal preference (desire to shorten break to help out colleagues

15  with heavy workload or help out waiting customers; preference as to amount of time

16  required to finish meal).  For example, defendants have provided declarations from

17  employees stating that they took shortened meal breaks, but had sufficient time to eat a

18  meal during each of those breaks.  Thus, defendants assert, when an employee clocks

19  out for an unpaid meal break, the employee should not be compensated for that meal

20  break even though it is less than 20 minutes.

21  In enacting the Minimum Wage Act (the New York Labor Law), "the New York

22  State Legislature enacted specific minimum wages, . . . but did not directly enact an

23  overtime provision.  Instead, the Legislature delegated authority to the New York State

24  Commissioner of Labor . . . to issue 'regulations governing . . . overtime.'"  Rocha v.

25  Bakhter Afghan Halal Kababs, Inc., 44 F.Supp. 3d 337, 351 (E.D.N.Y. 2014) (citing N.Y.

26  Lab. Law §§ 655-56).  Pursuant to this authority,  the Commissioner promulgated

27  regulations which substantially incorporate and adopt the FLSA's overtime regulations.

28  See N.Y. Comp. R. Regs. tit. 12, § 142-2.2 12 ("[a]n employer shall pay an employee for

overtime at a wage rate of one and one-half times the employee's regular rate" as provided in the FLSA and subject to the same exemptions (with limitations); see also Reiseck v. Universal Commc'ns of Miami, Inc., 591 F.3d 101, 105 (2d Cir. 2010) ("The NYLL, too, mandates overtime pay and applies the same exemptions as the FLSA.").

New York follows the federal Department of Labor's Interpretive Guidance (Subchapter B of 29 C.F.R.) with respect to meal and rest breaks under the FLSA.  This DOL Interpretive Guidance does not set any threshold amount of time under which a rest break automatically becomes a compensable rest period.  Section 785.18 (which is incorporated into the New York Labor Law), provides that "[r]est periods of short duration, running from 5 minutes to about 20 minutes, are common in the industry.  They promote the efficiency of the employee and are customarily paid for as working time.  They must be counted as hours worked."  29 C.F.R. § 785.18; see also 29 C.F.R. § 785.19 ("coffee breaks or time for snacks . . . are rest periods.").

The federal Guidance focuses on the character of the break and the purpose for which it is taken.  While 30-minute breaks are presumptively noncompensable bona fide meal periods, shorter breaks may still qualify as bona fide meal periods under "special circumstances."  29 C.F.R. § 785.19.  Accordingly, as discussed in more detail below, the federal DOL's Field Operations Handbook directs investigators to review a number of factors "in context on a case-by-case basis" in determining whether a short break may be considered a non-compensable meal break.

### DISCUSSION

A.    Legal Standard

The plaintiff "must be prepared to prove" that each of the requirements of Rule 23 is satisfied.  Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 351 (2011).  Rule 23 sets forth more than a "mere pleading standard."  Id. at 350.  The plaintiff "must actually prove – not simply plead – that [the] proposed class satisfies each requirement of Rule 23, including (if applicable) the predominance requirement of Rule 23(b)."  Haliburton Co. v. Erica P. John Fund, Inc., 134 S.Ct. 2398, 2412 (2014).

The class certification analysis "must be rigorous and may entail some overlap with the merits of the . . . underlying claim." Amgen Inc. v. Conn. Retirement Plans and Tr. Funds, 133 S.Ct. 1184, 1194 (2013) (quoting Dukes, 564 U.S. at 350-51). However, Rule 23 does not grant courts a "license to engage in free-ranging merits inquiries at the certification stage." Id. at 1194-95. "Merits questions may be considered to the extent – but only to the extent – that they are relevant to determining whether Rule 23 prerequisites for class certification are satisfied." Id.

The party seeking class certification bears the burden of demonstrating by a preponderance of the evidence that all four requirements of Rule 23(a) and at least one of the three requirements under Rule 23(b) are met. See Dukes, 564 U.S. at 350-51; Berger v. Home Depot USA, Inc., 741 F.3d 1061, 1067 (9th Cir. 2014). Under Rule 23(a), a district court may certify a class only if it meets the requirements of numerosity, commonality, typicality, and adequacy of representation. Mazza v. Am. Honda Motor Co., 666 F.3d 581, 588 (9th Cir. 2012); see also Wang v. Chinese Daily News, Inc., 737 F.3d 538, 542 (9th Cir. 2013).

A plaintiff must also establish "through evidentiary proof at least one of the provisions of Rule 23(b)." Comcast Corp. v. Behrend, 133 S. Ct. 1426, 1432 (2013). Here, Anand seeks certification of a Rule 23(b)(3) class, which requires that the court find that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

B.    Plaintiff's Motion

Anand seeks certification of a class defined as follows:

> All persons who at any time in the 6 years preceding the filing of this lawsuit through the date of disposition or judgment in this action who are/were employed by [d]efendants (one or more of them) as a non-exempt employee in the State of New York and who recorded breaks of 20 minutes or less in duration (in workweeks in which he/she recorded at least 40 hours of work time), but was not paid overtime compensation

United States District Court
Northern District of California

for the recorded breaks.

TAC ¶ 113.

She argues that the Rule 23(a) requisites are satisfied; and that common questions predominate and a class action is a superior means of adjudicating this dispute.

    1.    Rule 23(a)

        a.    Numerosity

Rule 23(a)(1) requires that a class be so numerous that joinder of all members is impracticable. In order to satisfy this requirement, plaintiffs need not state the "exact" number of potential class members, nor is there a particular number required. See In re Rubber Chems. Antitrust Litig., 232 F.R.D. 346, 350-51 (N.D. Cal. 2005). Rather, the specific facts of each case must be examined. In re Beer Distrib. Antitrust Litig., 188 F.R.D. 557, 561 (N.D. Cal. 1999) (citing Gen'l Tel. Co. v. EEOC, 446 U.S. 318, 330 (1980)). Courts generally find that the numerosity factor is satisfied if the class comprises 40 or more members, and will find that it has not been satisfied when the class comprises 21 or fewer. See, e.g., Ries v. Ariz. Beverages USA, LLC, 287 F.R.D. 523, 536 (N.D. Cal. 2012).

Plaintiff argues that because Wells Fargo employs between 500 and 1000 non-exempt employees in its New York branches, the numerosity requirement is satisfied. In its opposition, Wells Fargo concedes, at least for purposes of the present motion, that numerosity is satisfied. Accordingly, the court finds that the class is sufficiently numerous for Rule 23(a) purposes.

        b.    Commonality

Rule 23(a)(2) requires "questions of law or fact common to the class." Plaintiffs must "demonstrate that the class members 'have suffered the same injury,'" not "merely that they have all suffered a violation of the same provision of law." Dukes, 564 U.S. at 349-50 (citation omitted). "What matters to class certification . . . is not the raising of common 'questions' – even in droves – but, rather the capacity of a classwide proceeding

United States District Court
Northern District of California

to generate common answers apt to drive the resolution of the litigation." Id. at 350
(citation omitted).  Accordingly, plaintiffs' claims "must depend upon a common
contention" that is "of such a nature that it is capable of classwide resolution – which
means that determination of its truth or falsity will resolve an issue that is central to the
validity of each one of the claims in one stroke." Id.

Plaintiffs need not show, however, that "every question in the case, or even a
preponderance of questions, is capable of class wide resolution.  So long as there is
'even a single common question,' a would-be class can satisfy the commonality
requirement of Rule 23(a)(2)." Wang, 737 F.3d at 544 (quoting Dukes, 564 U.S. at 359);
see also Alcantar v. Hobart Serv., 800 F.3d 1047, 1053 (9th Cir. 2015) (the party seeking
certification need show a common contention capable of classwide resolution – "not that
there is a common contention that will be answered, on the merits, in favor of the class").
Thus, "[w]here the circumstances of each particular class member vary but retain a
common core of factual or legal issues with the rest of the class, commonality exists."
Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1029 (9th Cir. 2012) (citations and
quotations omitted).

Here, plaintiff contends that she was a "victim of defendants' refusal to
compensate her for her recorded breaks of 20 minutes or less;" that Wells Fargo's refusal
to compensate its nonexempt employees for recorded breaks of 20 minutes or less is
"based on a uniform policy or practice," which applies to all members of the class; and
that the class she seeks to represent thus includes "those individuals who suffered similar
deprivation of wages pursuant to the same pattern and practice."

Plaintiff identifies two questions which she claims satisfy the commonality
requirement.  These are whether Wells Fargo failed to pay nonexempt employees for
recorded breaks of 20 minutes or less in duration; and whether this practice violated New
York law.  Plaintiff asserts that under New York law, bona-fide meal breaks must be 60
minutes for factory workers and 30 minutes for all other workers (citing N.Y. Lab. Law

United States District Court
Northern District of California

1   § 162), and thus a 20-minute break cannot be a bona fide meal break.[1]

2         Defendants contend that the questions plaintiff identifies are insufficient to satisfy

3   the commonality requirement of Rule 23(a)(2).  Defendants acknowledge that time

4   recorded as a meal break in its timekeeping systems generally has been treated as

5   unpaid throughout the alleged class period.  Thus, they assert, the question whether

6   Wells Fargo failed to pay its nonexempt employees for recorded breaks of 20 minutes or

7   less in duration is not disputed, and therefore cannot "drive the resolution of the

8   litigation."

9         Similarly, with regard to the question whether the "practice" plaintiff has identified

10  violated New York law, defendants argue that this also does not satisfy Rule 23(a)(2)

11  because plaintiff has not shown, and cannot show, that the question can be resolved with

12  respect to all putative class members "in one stroke."  Defendants contend that the

13  employees who recorded unpaid  breaks of 20 minutes or less did so for a variety of

14  reasons, which included disability-related accommodations, individualized agreements

15  with management to allow employees to come to work late or leave early, timekeeping

16  errors, and decisions by individual employees to cut lunch break time short, each of

17  which must be analyzed to determine whether liability exists.

18        Plaintiff asserts, and defendants do not dispute, that Wells Fargo does not

19  compensate its nonexempt employees for recorded breaks, regardless of length.  Both

20  Mr. Saucerman and Ms. Swanson so testified in their depositions.  The parties agree that

21  "recorded breaks" refers to breaks that begin with the employee clocking out, and end

22  with the employee clocking back in, and that such breaks are unpaid.  Mr. Saucerman's

23  testimony establishes that employees were not paid for the time they were clocked out.  It

24  _____

25  [1]   Plaintiff refers repeatedly throughout the motion to N.Y. Lab. Law § 162, and to N.Y.
    DOL opinion letters interpreting § 162.  Section 162 requires that employees be provided
26  with meal breaks of specified lengths based on the times and duration of their shifts.  This
    requirement is enforceable by the Industrial Commissioner of the New York Department
27  of Labor.  See Am. Broad. Cos., Inc. v. Roberts, 61 N.Y. 2d 244 (1984).  However, there
    is no private right of action under § 162; thus allegations of violation of § 162 by a private
28  litigant would not state a claim.  Hill v. City of New York, 136 F.Supp. 3d 304, 350-51
    (E.D.N.Y. 2015).

United States District Court
Northern District of California

is also undisputed that Wells Fargo maintains electronic time records for its non-exempt employees nationwide, and that those records can be queried to identify employees who were not compensated for recorded short breaks.

Plaintiff contends that Wells Fargo defines "meal periods" as "unpaid time off, ranging from 30 to 60 minutes."  In support, plaintiff cites Wells Fargo employee handbooks, as well as deposition testimony by Mr. Saucerman and Ms. Evans.  The employee handbooks simply contain the quoted definition of "meal period."  They do not state that an unpaid meal period cannot be less than 30 minutes.  Mr. Saucerman confirms that Wells Fargo requires that team members take a meal period of no less than 30 minutes per day, scheduled somewhere in the middle of their shift."  Ms. Evans confirms that tellers, personal bankers, and CSSRs are given a minimum of 30 minutes for meal breaks in the state of New York.

At most, what the evidence shows is that Wells Fargo had a policy and practice of not paying for recorded breaks, of any length, and that its timekeeping system did not distinguish between recorded meal breaks of 30 minutes or more, and recorded meal breaks of 20 minutes or less in duration.  If an employee clocked out, he/she was not compensated for that time.  There is no evidence showing that Wells Fargo had a policy of requiring non-exempt employees to clock out for short breaks of less than 20 minutes.

In the Ninth Circuit, Rule 23(a)'s commonality requirement is "limited."  See Mazza, 666 F.3d at 589.  Under this relatively permissive standard, a potential need for individual factual determinations does not necessarily translate into a finding of no commonality under Rule 23(a).[2]  Plaintiffs are required to show that class-wide proceedings will generate common answers to the questions, although plaintiff need not provide the answers to the common questions at the certification stage – indeed, "'whether class members could actually prevail on the merits of their claims' is not a

---

[2]   However, as discussed below, it does remain relevant for purposes of determining under Rule 23(b)(3) whether common questions of law and fact predominate over individual issues.

1   proper inquiry in determining the preliminary question 'whether common questions exist.'"

2   Alcantar, 800 F.3d at 1053 (quoting Ellis v. Costco Wholesale Corp., 657 F.3d 970, 983

3   n.8 (9th Cir. 2011)).

4           While the evidence does not show that Wells Fargo had a policy of requiring

5   employees to clock out for short breaks, regardless of the purpose, the court finds that

6   plaintiff has arguably satisfied the requirement of showing commonality by challenging

7   what she identifies as a company-wide policy regarding compensation for recorded

8   breaks of less than 20 minutes.  The identification of the policy, whether it was uniformly

9   applicable, and whether it was lawful under New York law present common questions of

10  law and fact.  Wells Fargo concedes that the policy and practice of not paying for

11  recorded breaks is uniform, and is applied to all nonexempt employees.  Further, plaintiffs

12  have challenged the lawfulness of this policy and practice under New York law.  Thus,

13  whether Wells Fargo's failure to pay its non-exempt employees for unrecorded short

14  breaks violated New York law is arguably a common question sufficient to satisfy Rule

15  23(a)'s commonality requirement.

16               c.    Typicality

17          The third requirement under Rule 23(a) is that the claims or defenses of the class

18  representatives must be typical of the claims or defenses of the class.  Fed. R. Civ. P.

19  23(a)(3).  In determining typicality, the court "looks to whether the claims of the class

20  representatives are typical of those of the class," and the requirement is satisfied "when

21  each class member's claim arises from the same course of events, and each class

22  member makes similar arguments to prove the defendant's liability."  Stearns v.

23  Ticketmaster Corp., 655 F.3d 1013, 1019 (9th Cir. 2011).  "Typicality refers to the nature

24  of the claim or defense of the class representative, and not to the specific facts from

25  which it arose or the relief sought."  Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th

26  Cir. 1992) (quotation omitted).  "[R]epresentative claims are 'typical' if they are

27  reasonably co-extensive with those of the absent class members; they need not be

28  substantially identical."  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998);

United States District Court
Northern District of California

see also Staton v. Boeing, 327 F.3d 938, 957 (9th Cir. 2003).

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." Ellis, 657 F.3d at 984 (quotations omitted); see also Wright v. Renzenberger, Inc., 2016 WL 3924388, __ Fed. Appx. __ (9th Cir. July 21, 2016) (whether named plaintiff actually suffered injury is irrelevant; what matters is whether named plaintiff has alleged same type of injury as other plaintiffs).

In some contexts, commonality and typicality may merge, as "[b]oth serve as guideposts determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." Dukes, 564 U.S. at 349 n.5 (citation and quotation omitted).

Here, plaintiff asserts that her claims are typical of those of the class, because she was employed by Wells Fargo as a non-exempt employee in New York during the proposed class period, and was injured by the same course of conduct as the other class members – specifically, Wells Fargo's practice of failing to compensate its nonexempt employees for recorded breaks of 20 minutes or less in duration.

Defendants assert that Anand's claims are not typical of the claims of the putative members of the class, because the conduct about which she complains is tied to her own personal experience.  They point to her deposition testimony that she "never really got to eat, sit down and eat" and that her breaks frequently were less than 20 minutes in duration because they were cut short at the direction of her manager or were interrupted because she needed to assist customers.  Defendants contend that this testimony differs from that of many of the putative class members whom Anand purports to represent.

In addition, defendants assert, while Anand claims that she recorded more than eight hours of "short" meal breaks in weeks with at least 40 hours of recorded time, and that the other named plaintiffs "suffered the same injury," the true extent of the breaks at

United States District Court
Northern District of California

1   issue is less for all of the other plaintiffs.  Defendants argue that the evidence reflects

2   less than 50 minutes of total "short" meal break time for each of named plaintiffs Lynch,

3   Sorocenski, and Unay, and barely 1.5 hours for plaintiff Grzan, over the relevant time

4   period.  Defendants argue that the sporadic nature of these breaks makes these plaintiffs

5   more susceptible to a de minimis defense than Anand, further highlighting the fact that

6   her experiences are not typical of those of the putative class.

7           Further, defendants contend, the broad description of the proposed class is so

8   broad that it necessarily includes several job categories that they initially treated as non-

9   exempt but which may qualify for various exemptions from overtime requirements under

10  New York law.  These include the Financial Center Managers and Financial Specialists at

11  Wachovia, as well as "personal bankers" and "private bankers" at Wells Fargo.

12  Defendants cite declarations of a number of Wells Fargo employees who describe their

13  job duties in ways that defendants claim might support a finding that those employees

14  might qualify as exempt (rather than non-exempt).

15          While certification may be "inappropriate where a putative class representative is

16  subject to unique defenses which threaten to become the focus of the litigation," Hanon,

17  976 F.2d at 508, in the present case, apart from the relatively speculative argument

18  regarding exemptions, defendants are seemingly referring to differences in damages

19  among the putative class members, which are not sufficient to defeat a showing of

20  typicality.  The court finds that notwithstanding the differences in amounts potentially

21  owing to the purported members of the class, Anand has adequately alleged that she

22  suffered the same injury as the other non-exempt employees in New York, and that her

23  claims are sufficiently typical of the claims of the class.

24          d.      Adequacy

25          The fourth requirement under Rule 23(a) is adequacy of representation.  The court

26  must find that named plaintiffs' counsel is adequate, and that named plaintiffs can fairly

27  and adequately protect the interests of the class.  Legal adequacy under Rule 23(a)(4) is

28  determined by resolution of two questions: (1) whether named plaintiffs and their counsel

United States District Court
Northern District of California

1    have any conflicts with class members; and (2) whether named plaintiffs and their

2    counsel will prosecute the action vigorously on behalf of the class.  Ellis, 657 F.3d at 985.

3    The focus is on uncovering "conflicts of interest between named parties and the class

4    they seek to represent."  Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 625 (1997).

5         Plaintiff contends that she will adequately represent the class because there is no

6    conflict of interest between herself and the class she seeks to represent.  Additionally,

7    she argues, proposed class counsel is qualified and able to litigate the class members'

8    claims.  Accordingly, plaintiff asserts, the requirements of Rule 23(a)(4) are satisfied.

9         Defendants do not challenge the adequacy of plaintiff's counsel, but they do argue

10   that Anand is not an adequate class representative because of a conflict with putative

11   class members who, as management-level employees, may have caused the issues

12   about which she now complains.  They contend that the proposed class includes service

13   managers, tellers and lead tellers, and other non-exempt employees who reported to

14   service managers, and that Anand is in essence seeking to represent a group of

15   employees that (potentially) includes individuals who have an incentive to deny that her

16   allegations are true, and who may be harmed if she successfully proves her claims.

17        Defendants also assert that Anand worked at only two of the New York branches

18   whose non-exempt employees she seeks to include in the proposed class, and spent the

19   remainder of her employment with defendants working in branches in New Jersey.  They

20   argue that Anand does not claim to know anything about the unpaid breaks that the

21   putative class members at "other branches" may have taken, which they believe also

22   renders her an inadequate representative.

23        The court finds that plaintiff has established, for purposes of Rule 23(a), that she is

24   an adequate representative and that her counsel are adequate.  Plaintiff has alleged that

25   she suffered the same injury as that purportedly suffered by the putative members of the

26   class, and that there is no clear evidence of any conflict between plaintiff and the

27   proposed class.

28

1        2.      Rule 23(b)

2        As indicated above, Rule 23(b)(3) requires the party seeking class certification to

3   show that "questions of law or fact common to class members predominate over

4   questions affecting only individual members," and that class treatment is "superior to

5   other available methods for fairly and efficiently adjudicating the controversy."  Fed. R.

6   Civ. P. 23(b)(3).

7               a.      Predominance

8        A plaintiff seeking certification pursuant to Rule 23(b)(3) must show not only

9   commonality, but also predominance.  See Hanlon, 150 F.3d at 1022.  That is, the

10  plaintiff must show that the common questions in the case "predominate over any

11  questions affecting only individual members."  Fed. R. Civ. P. 23(b)(3).  "An individual

12  question is one where 'members of a proposed class will need to present evidence that

13  varies from member to member,' while a common question is one where 'the same

14  evidence will suffice for each member to make a prima facie showing [or] the issue is

15  susceptible to generalized, classwide proof.'"  Tyson Foods, Inc. v. Bouaphakeo, 136 S.

16  Ct. 1036, 1045 (2016) (citation omitted).

17       This analysis, in accord with Rule 23's "principal purpose" of "promot[ing] efficiency

18  and economy of litigation," enquires into "the relationship between the common and

19  individual issues in the case, and tests whether the proposed class is sufficiently

20  cohesive to warrant adjudication by representation."  Abdullah, 731 F.3d at 964

21  (quotation marks omitted).  Because the focus of this inquiry is on "common questions,"

22  plaintiffs need not, at this threshold, "prove that the predominating question[s] will be

23  answered in their favor."  Amgen, 133 S. Ct. at 1196.

24       Rule 23(b)(3) imposes a "more demanding" inquiry than does Rule 23(a)(2).  See

25  Comcast, 133 S.Ct. at 1432.  Rule 23(a)(2) simply requires a "common contention" that is

26  "capable of classwide resolution" and "will resolve an issue that is central to the validity of

27  each one of the claims in one stroke."  Amchem, 521 U.S. at 624; see also Comcast, 133

28  S.Ct. at 1432; Dukes, 564 U.S. at 350.  By contrast, to satisfy Rule 23(b)(3), it is not

United States District Court
Northern District of California

1   enough for the plaintiff to establish merely that common questions of law or fact exist;

2   indeed, the analysis under Rule 23(b)(3) "presumes that the existence of common issues

3   of fact or law have been established pursuant to Rule 23(a)(2)."  Hanlon, 150 F.3d at

4   1022.

5          Here, plaintiff argues that the predominance requirement is satisfied because she

6   seeks certification on a narrow, easily discernable issue of whether failing to pay

7   employees for recorded breaks of 20 minutes or less violates the New York Labor Law –

8   a question she contends is "not encumbered by individual issues."  She asserts that she

9   has identified common questions sufficient to meet the commonality requirement; that the

10  claims of the putative class members whom Wells Fargo internally classified as non-

11  exempt are not barred by exemptions; and that under New York law, she and the putative

12  class members are entitled to compensation for breaks 20 minutes or less in duration.

13         Plaintiff contends that defendants' assertion that recorded breaks of less than 20

14  minutes may be meal breaks fails as a matter of law, because under New York law short

15  breaks of 20 minutes or less in duration "must be counted as hours worked."  Plaintiff

16  points to a statement in a New York DOL Opinion Letter that a New York employee

17  cannot, as a general matter, willingly shorten the 30-minute meal break requirement set

18  forth in N.Y. Lab. Law § 162 and still have a bona fide meal period (citing Opinion Letter

19  RO-10-0085, dated 2/1/2011).   Thus, plaintiff argues, any break that is less than 30

20  minutes, undoubtedly including breaks of 20 minutes or less, is "not a bona-fide meal

21  period."

22         Plaintiff also points to Hawkins v. Alorica, Inc., 287 F.R.D. 431 (S.D. Ind. 2012), a

23  case in which she claims the district court "certified an almost identical class" – a class of

24  call center employees who clocked out for periods of less than 20 minutes, for which they

25  were not compensated.  The court found that the common issue regarding the employer's

26  alleged policy and practice of requiring employees to log off the phone system while

27  taking unscheduled breaks of less than 20 minutes, and thus not compensating them for

28  those breaks, predominated over any individualized issues that might exist.  Id. at 448-

49.  Similarly, plaintiff asserts, common issues predominate in this case because the proposed class consists of exempt employees who were not paid for recorded breaks of less than 20 minutes.

In opposition, defendants contend that individualized inquiries predominate over any common questions.  Defendants argue that any determination of liability on plaintiff's overtime claim will require consideration of myriad questions regarding every individual unpaid break of 20 minutes or less – questions such as the purpose of the recorded break (whether taken as, e.g., part of a medical accommodation, a nursing mother break, or a meal break); the activities performed during that break (e.g., whether the employee was able to, and did, eat a full meal); and the reason that the 20 minutes-or-less period was recorded (e.g., whether the length of time recorded was the result of a time-entry error, an agreement with management, or a work interruption).

Defendants also argue that Wells Fargo has a number of individualized defenses to the putative class members' claims, such as the de minimis defense, which has already resulted in the dismissal of one plaintiff's claim in this case, and three different overtime exemption defenses, each of which will require a fact-specific analysis. Accordingly, defendants assert, common issues do not predominate over individualized issues, because plaintiff's claims "would require a separate mini-trial for each putative class member."

The court finds that plaintiff has not established that common issues predominate over questions affecting only individual members.  Simply put, plaintiff has not established that liability can be established in the absence of individualized inquiries into which employees clocked out for short breaks of 20 minutes or less, on what occasions, and for what purpose.  Plaintiff argues that under Leyva v. Medline Indus., 716 F.3d 510 (9th Cir. 2013), the presence of individualized damages cannot by itself defeat class certification.  However, it is the determination of liability as to each class member that will necessitate individualized inquiries in this case – not simply the calculation of damages once liability is established.

United States District Court
Northern District of California

With regard to the issue of short breaks taken for meal periods, the U.S. DOL's Field Operations Handbook[3] supplies guidance with regard to determining whether a break shorter than 30 minutes might qualify as a bona fide meal break.  Chapter 31 of the DOL Handbook provides that "[b]ona fide meal periods are not worktime" and "do not include coffee breaks or time for snacks[,]" and that "[o]rdinarily 30 minutes or more is long enough for a bona fide meal period."  Investigators are directed to review a number of factors, "in context on a case-by-case basis," in determining whether a short break may be considered a non-compensable meal break.  These factors include whether

> (a) Work-related interruptions to the meal period are sporadic and minimal.
>
> (b) Employees have sufficient time to eat a regular meal.  Periods less than 20 minutes should be given special scrutiny to ensure that the time is sufficient to eat a regular meal under the circumstances presented.
>
> (c) The period involved is not just a short break for snacks and/or coffee but rather is a break to eat a full meal, comes at a time of the day or shift that meals are normally consumed, and occurs with no more frequency than is customary.
>
> (d) There is an agreement (e.g. CBA) between the employees and employer that the period of less than 30 minutes is sufficient to eat a regular meal.
>
> (e) Applicable [s]tate or local laws do not require lunch periods in excess of the period indicated.

Field Operations Handbook, at § 31b23.

Thus, the federal DOL has made clear that determining whether a work break is a "bona fide meal period" that may be excluded from compensable time is a fact-bound inquiry for which the length of the break is merely one factor.  Moreover, the DOL issued an Opinion Letter in 2004, in which it determined that a 20-minute break was a bona fide meal period where the time was sufficient to eat a regular meal.  See DOL Opinion Letter No. FLSA2004-22 (Nov. 22, 2004) (meal period is bona fide where employee is relieved

---

[3]   The DOL Handbook is available at https://www.dol.gov/Whd/FOH/index.htm (last visited Aug. 5, 2016).

of duty "for the purpose of eating regular meals," and distinguishing the breaks at issue from compensable rest breaks, which it described as "coffee breaks or time off for snacks").

Under this "case by case" analysis, many of the breaks plaintiff challenges may in fact be bona fide meal periods requiring no payment.  For example, one Wells Fargo employee states in a declaration that she often picked her daughter up at school during her regular, hour-long lunch break, and made arrangements with her supervisor to take an additional, shorter meal break on days when her daughter's teachers ran late, such that she did not have time to eat during her hour-long break.  The additional break was shortened as the result of an agreement with her manager at her request, and she actually used the time to eat a meal.

A second Wells Fargo employee states that she made an arrangement with her manager to split her half-hour meal breaks into two shorter breaks to accommodate her "very fast metabolism," and she in fact eats full meals at both breaks during the day.  A third employee states that she took a short break on one occasion because she wanted to leave early that day, and that she ate a full meal during the shortened period.  Plainly, in order to determine whether breaks of 20 minutes or less are compensable, the court would be required to scrutinize every break of every putative class member to determine the circumstances under which the short breaks were taken.

In addition, Wells Fargo employees may be permitted unpaid breaks of 20 minutes or less as an accommodation under the Americans with Disabilities Act or pursuant to a 2010 FLSA amendment permitting nursing mothers to take unpaid breaks to express breast milk.  Employees have no right to payment for breaks under such circumstances, but the evidence presented does not show that Wells Fargo's timekeeping system is capable of distinguishing between short breaks that are compensable and short breaks that are not.

Moreover, in contrast to the situation in the Hawkins case on which plaintiff relies – where the court found that the employer had provided no evidence of any employee who

1   logged off for less than 20 minutes but should not have been compensated, id. at 448-49,

2   Wells Fargo has provided a quantity of evidence showing a variety of reasons that short

3   breaks taken by employees were likely not compensable.  In addition, evidence shows

4   that certain time entries that appear to be unpaid breaks of 20 minutes or less are in fact

5   timekeeping errors, which would result in a lack of liability, or even an overpayment for

6   the days these breaks were recorded.

7          Wells Fargo has also provided declarations from both named plaintiffs and

8   unnamed putative class members that at least raises the possibility that some of the

9   putative class members might be exempt from overtime pay under New York and federal

10   law, under the "outside sales" and "executive" exemptions.  In general, where exempt

11   status depends on an individualized determination of an employee's work, common

12   issues of law and fact may not predominate.  See, e.g., Vinole v. Countrywide Home

13   Loans, Inc., 571 F.3d 935, 946-47 (9th Cir. 2009).

14          In short, if the failure to compensate some of the members of the putative class for

15   recorded breaks of 20 minutes or less does not violate New York law – which appears to

16   be the case – then the court will be required to conduct individualized inquiries into the

17   circumstances of some if not all of the class members, which will preclude any resolution

18   of the common questions "for all members of the class in a single adjudication." Mazza,

19   666 F.3d at 589 (citation omitted).

20                          b.      Superiority

21          Plaintiff argues that a class action would provide a superior method of resolving

22   the claims in this case, in line with the Rule 23(b)(3) factors ((A)-(D)) because in the

23   absence of a  class action, few potential class members could afford to undertake

24   litigation against defendants to recover the money owed them, and it is unlikely that

25   individual class members would be able to retain counsel to pursue those claims.  She

26   also contends that the filing of individual actions would result in redundant proceedings

27   and inefficient use of judicial resources.

28          Plaintiff's argument falls primarily under Rule 23(b)(3)(A) – the class members'

United States District Court
Northern District of California

20

United States District Court
Northern District of California

1   interest in individually controlling the prosecution or defense of separate actions.  Factor

2   (B) is the extent and nature of any litigation concerning the controversy already begun by

3   or against class members, and plaintiff says only that she is unaware of any other

4   litigation. Factor (C) is the desirability or undesirability of concentrating the litigation of the

5   claims in the particular forum, and plaintiff does not specifically address that factor.

6        Factor (D) is the likely difficulties of managing a class action.  Plaintiff contends

7   that adjudication of this case as a class action "will not present any insurmountable case

8   management problems, given that [p]laintiff seeks to represent a readily identifiable class,

9   common questions of law and fact predominate, and damages determinations are

10  mechanical," which amounts to a summation of prior arguments.

11       The court finds that in view of the numerous individualized inquiries that would be

12  required in order to resolve the claims of the New York plaintiffs, a class action cannot be

13  regarded as a superior means of resolving this dispute.  In addition, there remain

14  individual claims under the same New York laws, as well as individual FLSA and

15  California claims, which militate against a finding that a class action would be a superior

16  means of resolving the case.

17       3.       Analysis

18       The court finds that the motion for class certification must be DENIED.  While

19  plaintiff has sufficiently established the Rule 23(a) prerequisites, including that there are

20  common questions of law and fact with regard to Wells Fargo's "policy and practice" of

21  not compensating employees for short breaks, she has not satisfied the requirements of

22  Rule 23(b)(3), in particular, that common questions predominate over individual issues.

23       The only policy or practice that plaintiff has identified is the practice of not paying

24  for unrecorded breaks, regardless of length.  Plaintiff has provided evidence showing that

25  members of the putative class were on some occasions not compensated for recorded

26  breaks of 20 minutes or less.  Defendants, on the other hand, have provided evidence

27  showing that Wells Fargo has a policy or practice of requiring employees to accurately

28  record all time worked, including short rest breaks.

1    Defendants have also provided evidence showing that employees clock out for

2    short breaks for various reasons, including their desire to take an uncompensated meal

3    break of 20 minutes or less, to divide a longer meal break into two segments, to leave

4    work earlier (with permission of supervisor); and also for personal and health-related

5    reasons.

6         Further, defendants provided declarations by non-party Wells Fargo employees,

7    who state that they were always compensated for short breaks; that they often took meal

8    breaks of less than 20 minutes; that their records show short breaks which they view as

9    clerical errors; that they do not recall taking any short breaks of less than 20 minutes,

10   even though the TimeTracker shows them as having taken recorded short breaks; that

11   they were paid for all the hours they worked; that they were never instructed to clock out

12   for rest breaks; and that as instructed, the only time they ever clocked out was when they

13   left for lunch.

14        Plaintiff has not established that common issues predominate based on the theory

15   that under New York law, all short breaks are compensable regardless of the purpose of

16   the break.  Notwithstanding the existence of at least one common issue, individualized

17   inquiries would predominate.  Where plaintiff has provided no evidence of a uniform,

18   companywide policy, proof of liability can be determined only on an employee-by-

19   employee basis.  Even if information regarding hours worked can easily be extracted

20   from Wells Fargo's electronic timekeeping and payroll system, as plaintiff claims,

21   questions as to why employees took recorded breaks of 20 minutes or less would

22   predominate over questions common to the class.  See Alcantar, 800 F.3d at 1054;

23   Kilbourne v. Coca-Cola Co., 2015 WL 10943610 at *5 (S.D. Cal. Sept. 11, 2015).

**CONCLUSION**

25        In accordance with the foregoing, the motion for class certification is DENIED.

26   Defendants' request for leave to file the surreply is GRANTED.[4]  In addition, for the

27   _____

28   [4]  The court notes, however, that the two issues raised in the surreply – the admissibility of the employee declarations submitted by defendants with their opposition, and the

United States District Court
Northern District of California

1   reasons stated at the hearing, defendants' objections to the admissibility of Exhibits 3 and

2   9 to the Wills Declaration are SUSTAINED.

3

4   **IT IS SO ORDERED.**

5   Dated:  August 8, 2016

6   _____

7   PHYLLIS J. HAMILTON
    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   propriety of plaintiff's arguments regarding N.Y. Lab. Law § 162 – appear to have been
     mooted by plaintiff's counsel's statements at the hearing that plaintiff was not seeking to
28   strike the declarations, and was asserting no claim under § 162.